■ Joan Popfinger, Respondent, v Terminix International Company Limited Partnership, Appellant. [674 NYS2d 769] —In an action, *inter alia,* to recover damages for property damage, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), dated November 17, 1997, as denied its motion pursuant to CPLR 3126 to dismiss the complaint or, in the alternative, to preclude the plaintiff from offering any evidence with respect to the condition of, or damage to, the subject property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff claims that the defendant negligently failed to discover the presence of termites in the subject premises, negligently failed to eradicate the termite infestation, and breached an alleged agreement to protect the premises from termites. Prior to commencing the action, the plaintiff had the termite damage repaired and discarded the damaged wood without notifying the defendant. We agree with the Supreme Court that under these circumstances, the plaintiff should not

be sanctioned for intentional spoliation of evidence. The defendant failed to demonstrate that the plaintiff's action was an intentional attempt to hide or destroy evidence. Furthermore, while sanctions may be imposed for negligent or nonintentional destruction of evidence (*see, Kirkland v New York City Hous. Auth.*, 236 AD2d 170), we find that the imposition of sanctions is inappropriate here. O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.