■ MICHAEL McLAUGHLIN, Appellant, v ROBERT P. BROUILLET et al., Defendants, and CHRYSLER MOTORS CORPORATION, Respondent. [735 NYS2d 154] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (J. Leone, J.), entered January 17, 2001, as granted the motion of the defendant Chrysler Motors Corporation to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, with costs, the motion to dismiss the complaint is denied, and the complaint is reinstated insofar as asserted against the defendant Chrysler Motors Corporation.

On August 14, 1994, the plaintiff was a passenger in a vehicle owned and operated by the defendant Robert Brouillet which was involved in an intersection accident. Six months after the accident, Brouillet destroyed the vehicle without the plaintiff's knowledge. Within that six-month period the plaintiff took interior and exterior photographs of the subject vehicle. However, no expert inspection of the vehicle occurred. In August 1997 the plaintiff commenced the instant action against the drivers of the vehicles as well as against the defendant Chrysler Motors Corporation (hereinafter Chrysler). The plaintiff alleged, *inter alia,* that the seat belt mechanism was defective. The Supreme Court granted Chrysler's motion to dismiss the complaint insofar as asserted against it based on spoliation of evidence. We reverse.

Under the circumstances, the plaintiff should not be sanctioned for spoliation of evidence. The plaintiff, who was prejudiced along with Chrysler by the vehicle's destruction, was not responsible for the spoliation. Furthermore, while sanctions may be imposed for negligent or intentional destruction of evidence (*see, Popfinger v Terminix Intl. Co. Ltd. Partnership,* 251 AD2d 564; *Kirkland v New York City Hous. Auth.,* 236 AD2d 170), the imposition of sanctions is inappropriate here. Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.