■ SONIA MORALES, Respondent, v DELTA AIR LINES, INC., Appellant. (And a Third-Party Action.) [747 NYS2d 805] ■

On May 12, 1996, the plaintiff, an employee of the third-party defendant Hudson General Corporation (hereinafter Hudson), was allegedly injured during the course of her employment when the folding passenger seat of a van on which she was seated collapsed. The van was owned by the defendant. The defendant inspected the seat on May 13, 1996, at the request of Hudson, and found that it had no defect and was in proper working order. Hudson, however, requested that the defendant not reinstall the seat in the van. The defendant then placed the seat in the work area of a hangar at the airport where the accident allegedly occurred.

Nearly two years later, the plaintiff made an application for preaction discovery and the defendant could not locate the seat. The defendant surmised that the seat had been discarded along with other items during a cleanup of the hangar some 6 to 18 months after the occurrence. The plaintiff commenced this action in July 1998. The defendant, in turn, commenced a third-party action against Hudson. Hudson moved, among other things, to preclude the defendant from offering evidence regarding the condition of the seat. The Supreme Court granted that branch of Hudson's motion. The defendant subsequently discontinued the third-party action without prejudice and moved, among other things, to vacate the order of preclusion. The Supreme Court denied that branch of the motion, noting that the preclusion order applied to the main action as well as the third-party action.

The Supreme Court improvidently exercised its discretion in imposing the drastic sanction of preclusion for the loss of evidence. The record demonstrates that the failure to preserve the seat was not intentional. While sanctions may be imposed for the negligent loss or destruction of evidence, there is no indication in the record that the defendant had notice that the

seat might be needed for future litigation (*see Abenante v Star Gas Corp.,* 278 AD2d 438; *Popfinger v Terminix Intl. Co. Ltd. Partnership,* 251 AD2d 564; *compare DiDomenico v C&S Aeromatik Supplies,* 252 AD2d 41; *Kirkland v New York City Hous. Auth.,* 236 AD2d 170). The issue of whether a lesser sanction such as an adverse inference charge may prove to be warranted is a matter for the trial court.

In light of our determination, we need not reach the defendant's remaining argument. Altman, J.P., Florio, O'Brien and H. Miller, JJ., concur.