■ John O'Reilly III et al., Respondents, v Leonid Yavorskiy, Appellant. [755 NYS2d 81] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated October 29, 2001, as granted that branch of the plaintiffs' motion which was to preclude him from offering certain testimony and evidence at trial pursuant to CPLR 3126 based on the alleged spoliation of evidence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to preclude the defendant from offering certain testimony and evidence at trial is denied.

The plaintiffs commenced the instant action, inter alia, to re-

cover damages for personal injuries allegedly sustained by the infant plaintiff when he was struck by a vehicle driven by the defendant. The defendant claimed that he lost control of his vehicle after a tire blew out. After the accident, the defendant's vehicle was towed from the scene and taken to the towing company's garage, where the towing company apparently disposed of the blown-out tire. Eventually, the plaintiffs moved, inter alia, to sanction the defendant for spoliation of evidence based upon their inability to examine the blown-out tire. The Supreme Court granted the motion "to the extent of precluding the defendant, at trial, from testifying and submitting into evidence any information regarding the tire." We reverse and deny that branch of the plaintiffs' motion.

The Supreme Court improvidently exercised its discretion in sanctioning the defendant for the spoliation of evidence. "Under the circumstances herein, it cannot be presumed that [the defendant] is the party responsible for the disappearance of such evidence or, more importantly, that it was discarded by [the defendant] in an effort to frustrate discovery" (*Hartford Fire Ins. Co. v Regenerative Bldg. Constr.*, 271 AD2d 862, 864; *see McLaughlin v Brouillet*, 289 AD2d 461; *Gallo v Bay Ridge Lincoln Mercury*, 262 AD2d 450; *Popfinger v Terminix Intl. Co. Ltd. Partnership*, 251 AD2d 564). Moreover, we note that the defendant is also prejudiced by the loss of the tire. Prudenti, P.J., Florio, Friedmann and Adams, JJ., concur.