■ ANA RITA PAYANO et al., Appellants, v MILBROOK PROPER-
TIES, LTD., et al., Respondents. [834 NYS2d 229]—

In an action to recover damages for personal injuries, etc., the
plaintiffs appeal, as limited by their brief, from (1) so much of
an order of the Supreme Court, Nassau County (DeMaro, J.),
entered October 4, 2005, as granted that branch of the
defendants' cross motion which was, in effect, to preclude the
plaintiffs from offering evidence at trial as to a causal relation-
ship between the alleged accident of the plaintiff Ana Rita
Payano in June 1999 and her subsequent back surgery in
September 2003, based upon spoliation of evidence, and (2) so
much of an order of the same court entered January 10, 2006,
as, upon reargument, adhered to so much of its prior determi-
nation as granted that branch of the defendants' cross motion,
which was, in effect, to preclude the plaintiffs from offering evi-
dence at trial as to a causal relationship between the alleged ac-
cident of the plaintiff Ana Rita Payano in June 1999 and her
subsequent back surgery in September 2003, based upon spolia-
tion of evidence and, in effect, denied that branch of the
plaintiffs' motion which was for leave to renew.

Ordered that the appeal from the order entered October 4,
2005 is dismissed, as that order was superseded by the order
entered January 10, 2006, made upon reargument; and it is fur-
ther,

Ordered that the appeal from so much of the order entered
January 10, 2006 as, in effect, denied that branch of the
plaintiffs' motion which was for leave to renew is dismissed as
academic; and it is further,

Ordered that the order entered January 10, 2006 is reversed
insofar as reviewed, and, upon reargument, so much of the or-
der entered October 4, 2005, as granted that branch of the
defendants' cross motion, which was, in effect, to preclude the
plaintiffs from offering evidence at trial as to a causal relation-
ship between the alleged accident of the plaintiff Ana Rita
Payano in June 1999 and her subsequent back surgery in
September 2003, based upon spoliation of evidence, is vacated,
and that branch of the defendants' cross motion which was, in
effect, to preclude the plaintiffs from offering evidence at trial
as to a causal relationship between the alleged accident of the

plaintiff Ana Rita Payano in June 1999 and her subsequent back surgery in September 2003, based upon spoliation of evidence, is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

In June 1999 the plaintiff Ana Rita Payano (hereinafter the injured plaintiff), a lawful tenant in an apartment building owned and managed by Milbrook Properties, Ltd., Summer Management Company, LLC, and Rubin Pikus (hereinafter collectively the defendants), allegedly was injured when a portion of the bathroom ceiling fell on her while she was taking a shower. The collapse of the ceiling caused her to fall and sustain injuries to, inter alia, her lower back. The injured plaintiff and her husband, suing derivatively, commenced this action to recover damages for personal injuries.

In September 2003, while the action was pending, the injured plaintiff had surgery performed on her lumbar spine. In preparation for the surgery, magnetic resonance imaging (hereinafter MRI) films were taken of the injured plaintiff's lumbar spine in May 2003. Prior to the surgery, the injured plaintiff gave the MRI films to her surgeon for review. However, it was later revealed that the films were lost.

Thereafter, the defendants cross-moved, inter alia, in effect, to preclude the plaintiffs from offering evidence at trial as to a causal relationship between the injured plaintiff's alleged accident in June 1999 and her subsequent back surgery in September 2003, based upon spoliation of evidence. By order entered October 4, 2005, the Supreme Court granted that branch of the defendants' cross motion. The plaintiffs subsequently moved, inter alia, for leave to renew and reargue. By order entered January 10, 2006, the Supreme Court, in effect, denied that branch of the plaintiffs' motion which was for leave to renew and granted that branch of the plaintiffs' motion which was for leave to reargue. Upon reargument, the court adhered to so much of its prior determination as granted that branch of the defendants' cross motion, which was, in effect, to preclude the plaintiffs from offering evidence at trial as to a causal relationship between the alleged accident of the injured plaintiff and her subsequent back surgery, based upon spoliation of evidence. This was error.

Under the circumstances here, it cannot be presumed that the plaintiffs are the parties responsible for the disappearance of the MRI films or, more importantly, that the films were discarded by the plaintiffs in an effort to frustrate discovery (see O'Reilly v Yavorskiy, 300 AD2d 456, 457 [2002]; McLaughlin v Brouillet, 289 AD2d 461 [2001]; cf. Behrbom v Healthco Intl.,

285 AD2d 573 [2001]). Moreover, the plaintiffs are also prejudiced by the loss of the MRI films (*see O'Reilly v Yavorskiy, supra* at 457).

The plaintiffs' contention that the Supreme Court erred in denying that branch of their motion which was for leave to renew has been rendered academic in light of our determination. Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.