■ TOMAS VELASQUEZ et al., Respondents, v WILLIAM GOMEZ et al., Respondents-Appellants, and CYNTHIA WHITE, Appellant-Respondent. [843 NYS2d 368]—

In an action to recover damages for personal injuries, the defendant Cynthia White appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 23, 2006, as denied her motion for summary judgment dismissing the complaint and the cross claim insofar as asserted against her, and the defendants William Gomez and El Salvador Taxi, Inc., cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the plaintiffs payable by the defendants appearing separately and filing separate briefs.

The 14-year-old plaintiff Tomas Velasquez (hereinafter the infant plaintiff) was riding his bicycle when, after failing to stop at a stop sign at an intersection, he struck a vehicle operated by the defendant William Gomez and owned by the defendant El Salvador Taxi, Inc. (hereinafter El Salvador Taxi, and collectively with Gomez, the taxi defendants). The defendant Cynthia White owned property located at the intersection where the accident occurred.

The plaintiffs commenced this action against the defendants to recover damages for injuries the infant plaintiff suffered as a result of the accident alleging, inter alia, that Gomez was negligent in his operation of the taxi he was driving by failing to use caution in proceeding through an intersection where his vision was obstructed by the overgrowth of vegetation on White's property. The plaintiffs also alleged that White was negligent, inter alia, for failing to comply with Islip Town Code §§ 68-404 and 68-405 by allowing vegetation on her property to exceed standards set forth in those provisions. Subsequently, White moved for summary judgment dismissing the complaint and the cross claim insofar as asserted against her. The taxi defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion and cross motion, and we affirm.

The Supreme Court properly denied White's motion since White failed to establish her prima facie entitlement to summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 852 [1985]). "[A] party does not carry its burden in moving for summary judgment by pointing to gaps in its op-

ponent's proof, but must affirmatively demonstrate the merit of its claim or defense" (*George Larkin Trucking Co. v Lisbon Tire Mart,* 185 AD2d 614, 615 [1992]). White merely pointed to gaps in the plaintiffs' proof instead of affirmatively demonstrating that she did not violate relevant portions of the Islip Town Code in maintaining her property or that such violations were not a proximate cause of the accident (*see Beyer v Sterling,* 303 AD2d 701 [2003]). Since White failed in the first instance to present a prima facie case entitling her to judgment as a matter of law, the sufficiency of the plaintiffs' opposition papers is not at issue (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d at 852).

In addition, the Supreme Court properly denied the taxi defendants' cross motion since they also failed to establish their prima facie entitlement to summary judgment (*id.*). The taxi defendants' submissions raised triable issues of fact as to whether the lack of visibility at the intersection warranted an appropriate reduction of speed by Gomez and whether Gomez exercised due care to avoid colliding with the infant plaintiff.

The plaintiffs' remaining contentions are without merit. Miller, J.P., Skelos, Covello and McCarthy, JJ., concur.