■ Yanel Cordero et al., Appellants, v Mirecle Cab Corp. et al., Respondents. [858 NYS2d 717]—

In an action to recover damages for personal injuries, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruditzky, J.), dated November 2, 2006, as granted that branch of the motion

of the defendant Mirecle Cab Corp. which was, in effect, pursuant to CPLR 3126 to preclude them from offering certain evidence at trial based on spoliation of evidence, and (2) from an order of the same court dated January 5, 2007, which denied their motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue.

Ordered that the appeal from the order dated January 5, 2007, is dismissed; and it is further,

Ordered that the order dated November 2, 2006, is reversed insofar as appealed from, on the facts and in the exercise of discretion, and that branch of the motion of the defendant Mirecle Cab Corp. which was, in effect, pursuant to CPLR 3126 to preclude the plaintiffs from offering certain evidence at trial based on spoliation of evidence is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the order dated January 5, 2007, must be dismissed. The plaintiffs' motion, denominated as one for leave to renew and reargue, was, in actuality, one for leave to reargue, because it was not based on new facts (*see* CPLR 2221 [d] [2]). An order denying a motion for leave to reargue is not appealable (*see* *Viola v Blanco*, 1 AD3d 506, 507 [2003]).

On May 7, 1999, the plaintiffs, who were passengers in a taxicab, allegedly were injured when the cab was involved in an accident with another vehicle. Within a few months of the accident, the plaintiffs each had magnetic resonance imaging (hereinafter MRI) performed on their cervical and lumbar spines.

In 2002 the plaintiffs commenced the instant personal injury action against the defendant Mirecle Cab Corp. (hereinafter Mirecle), which allegedly owned the taxicab, and others. In June 2003 the plaintiffs provided Mirecle with authorizations for their medical records, including the original MRI films of their cervical and lumbar spines. However, when Mirecle sought to utilize those authorizations after the note of issue was filed, the medical facility that performed the MRI advised Mirecle that the original MRI films had accidentally been destroyed.

Mirecle then moved, inter alia, to preclude the plaintiffs from offering at trial any evidence derived from the MRI films. In an order dated November 2, 2006, the Supreme Court, inter alia, granted that branch of Mirecle's motion which was to preclude any evidence derived from the MRI films, finding that the MRI films had been "spoliated." We reverse that order insofar as appealed from.

Although the determination of sanctions for spoliation is

within the broad discretion of the Supreme Court (*see Denoyelles v Gallagher,* 40 AD3d 1027 [2007]; *Dennis v City of New York,* 18 AD3d 599, 600 [2005]; *Barahona v Trustees of Columbia Univ. in City of N.Y.,* 16 AD3d 445, 446 [2005]), the Supreme Court improvidently exercised its discretion in sanctioning the plaintiffs for the loss of the MRI films. Where a party did not discard crucial evidence in an effort to frustrate discovery, and cannot be presumed to be responsible for the disappearance of such evidence, spoliation sanctions are inappropriate (*see O'Reilly v Yavorskiy,* 300 AD2d 456, 457 [2002]; *McLaughlin v Brouillet,* 289 AD2d 461 [2001]). Here, the plaintiffs, who were never in possession of the MRI films, did not discard the MRI films in an effort to frustrate discovery. Furthermore, under the circumstances, the plaintiffs cannot be held responsible for a nonparty's accidental loss of the MRI films. Finally, we note that the plaintiffs were prejudiced along with Mirecle by the loss of the MRI films (*see O'Reilly v Yavorskiy,* 300 AD2d at 457; *McLaughlin v Brouillet,* 289 AD2d at 461).

Appeals by the plaintiffs from two orders of the Supreme Court, Kings County, dated November 2, 2006, and January 5, 2007, respectively. By separate orders to show cause dated August 2, 2007, the parties or their attorneys were directed to show cause before this Court why an order should or should not be made and entered (1) dismissing the appeal from the order dated November 2, 2006, on the ground that the order is one deciding a motion in limine from which no appeal lies (*see Mauro v Village of Freeport,* 113 AD2d 876 [1985]), and (2) dismissing the appeal from the order dated January 5, 2007, on the ground that the order is one denying a motion for leave to renew and reargue a motion in limine from which no appeal lies. By decision and order on application dated September 14, 2007, the motions to dismiss the appeals were held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the orders to show cause and the papers filed in response thereto, and upon the submission of the appeals, it is

Ordered that the motion to dismiss the appeal from the order dated November 2, 2006, is denied; and it is further,

Ordered that the motion to dismiss the appeal from the order dated January 5, 2007, is denied as academic in light of the determination of the appeals (decided herein). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.