In a consolidated action, inter alia, for specific performance of a contract for the sale of a condominium unit, and related proceeding, inter alia, to recover possession of that condominium unit, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Kings County (Partnow, J.), dated July 3, 2007, as denied their cross motion for leave to enter a default judgment on the issue of liability against the defendants on the causes of action, inter alia, for specific performance, and (2) an order of the same court dated September 4, 2007, which denied their motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue, the defendants’ motion to direct them to pay the value of use and occupancy pertaining to the unit, which had been granted in the order dated July 3, 2007.
Ordered that the appeal from the order dated September 4, 2007, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
Ordered that the order dated July 3, 2007, is modified, on the facts and in the exercise of discretion, by adding the words “with leave to renew on proper papers” following the words “Plaintiffis’] motion for default is denied”; as so modified, the *717 order dated July 3, 2007, is affirmed insofar as appealed from, without costs or disbursements.
The appeal from the order dated September 4, 2007, must be dismissed. The plaintiffs’ motion, denominated as one for leave to renew and reargue, was, in actuality, one for leave to reargue, because it was not based on new facts (see CPLR 2221 [d] [2]; [e] [2]; Somma v Richardt, 52 AD3d 813, 813 [2008]; Cordero v Mirecle Cab Corp., 51 AD3d 707, 708 [2008]). An order denying a motion for leave to reargue is not appealable (see Somma v Richardt, 52 AD3d at 813; Cordero v Mirecle Cab Corp., 51 AD3d at 708).
The Supreme Court properly denied the plaintiffs’ cross motion for leave to enter a default judgment on the issue of liability on the causes of action, inter alia, for specific performance. In support of that cross motion, the plaintiffs did not submit an affidavit of the facts, or a complaint verified by a party with personal knowledge thereof. However, the Supreme Court should have given the plaintiffs leave to renew their motion on proper papers (see Rosten v Oladapo, 44 AD3d 1006, 1006 [2007]; Matone v Sycamore Realty Corp., 31 AD3d 721, 721-722 [2006]; Blam v Netcher, 17 AD3d 495, 495-496 [2005]). We modify the order dated July 3, 2007, accordingly. Prudenti, P.J., Mastro, Fisher and Dillon, JJ., concur.