PELAGI FOTIOU et al., Respondents, v ALLEN GOODMAN et al., Appellants, et al., Defendant. [905 NYS2d 626]—

In an action to recover damages for medical malpractice, etc., the defendants Allen Goodman, Storch, Sheinbrot & Singer, Physicians, P.C., and Storch, Sheinbrot & Singer, P.C., appeal

from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated June 12, 2009, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a medical malpractice action, the proponent of a summary judgment motion must make a prima facie showing of the absence of any departure from good and accepted medical practice, or that the plaintiff was not injured thereby (see Swezey v Montague Rehab & Pain Mgt., P.C., 59 AD3d 431, 433 [2009]; Larsen v Loychusuk, 55 AD3d 560 [2008]; Chance v Felder, 33 AD3d 645 [2006]).

Here, the appellants failed to establish their prima facie entitlement to judgment as a matter of law. They failed to affirmatively demonstrate the merits of their defense and, as the moving party, could not carry their burden by merely pointing to gaps in the plaintiffs' proof (see Velasquez v Gomez, 44 AD3d 649, 650-651 [2007]; Vittorio v U-Haul Co., 52 AD3d 823 [2008]; Pappalardo v Long Is. R.R. Co., 36 AD3d 878, 880 [2007]; Pace v International Bus. Mach. Corp., 248 AD2d 690, 691 [1998]). As the appellants failed to meet their prima facie burden, we need not address the sufficiency of the plaintiffs' opposing papers (see Vera v Soohoo, 41 AD3d 586, 588 [2007]; see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

Moreover, contrary to the appellants' contentions, the apparent loss of the sonogram films does not require the dismissal of the pleadings. "Where a party did not discard crucial evidence in an effort to frustrate discovery, and cannot be presumed to be responsible for the disappearance of such evidence, spoliation sanctions are inappropriate" (Cordero v Mirecle Cab Corp., 51 AD3d 707, 709 [2008]; see O'Reilly v Yavorskiy, 300 AD2d 456, 457 [2002]). Here, the plaintiffs were never in possession of the sonogram films and did not discard those films in an effort to frustrate discovery. Under such circumstances, the plaintiffs, who also were prejudiced, cannot be held liable for such a loss (see Cordero v Mirecle Cab Corp., 51 AD3d at 709; O'Reilly v Yavorskiy, 300 AD2d at 457; McLaughlin v Brouillet, 289 AD2d 461 [2001]).

Accordingly, the Supreme Court correctly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Santucci, Dickerson and Leventhal, JJ., concur.