■ STELLA RENEE SHAY, Respondent, v MOZER, INC., Appellant. [915 NYS2d 147]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Dutchess County (Dolan, J.), dated July 13, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a bartender at the Club House Bar, alleges that she was injured as she attempted to exit the premises through a side door. The plaintiff alleges that the door at issue developed a "sticking" condition as a result of a replacement door lock installed nine days earlier by the vice president of the defendant, owner of the building, and that such condition was a proximate cause of injuries sustained by her when the door stuck as she tried to push it open. Her hand went through a pane of glass on the door. Approximately one day after the plaintiff's accident, journeyman carpenter Robert Morris, whom the plaintiff would later name as her expert witness, repaired the door at the request of the plaintiff's employer, a nonparty to this action. In his deposition testimony, Morris stated that the door lock had been improperly installed, causing it to stick when opening or closing. Morris replaced the lock and striking mechanism. The parts Morris removed from the door were ultimately disposed of before the plaintiff commenced this action, and thus, the defendant did not have an opportunity to inspect them in relation to this litigation.

In moving for summary judgment, the defendant contended, inter alia, that it was entitled to summary judgment dismissing the complaint because it did not create the allegedly dangerous condition in the door and because of spoliation of evidence by the plaintiff's expert. The Supreme Court denied the defendant's motion. We affirm.

The defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law dismissing the complaint. It failed to show that it did not affirmatively create a dangerous condition. Contrary to the defendant's contention, while the plaintiff's employer testified at a deposition that she altered the locks on the premises at some point in time, there is no evidence in the record that she altered the lock on the side door in question in the nine days between the time the replacement lock was installed by the defendant's vice president and the plaintiff's accident. Moreover, while the plaintiff's employer testified that she was never provided with a key to the side door after the defendant's vice president replaced the lock, she also explained that she was able to open it "[f]rom the inside, it had a deadbolt. Just to turn. It couldn't be opened from the outside with a key." Notably, the defendant did not provide any evidence to support its theory that the lock it installed would have rendered it impossible to open the door from the inside. Since the defendant failed to meet its prima facie burden that it did not affirmatively create a dangerous condition, we need not consider whether the plaintiff's papers submitted in opposition to the defendant's motion raised a triable issue of fact with respect to this theory of liability (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

The defendant also failed to make a prima facie showing that it was entitled to summary judgment based on spoliation of evidence. "Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, thereby depriving the nonresponsible party of the ability to prove its claim, the responsible party may be sanctioned by the striking of its pleading" (*Gotto v Eusebe-Carter*, 69 AD3d 566, 567 [2010]). However, "[w]here a party did not discard crucial evidence in an effort to frustrate discovery, and cannot be presumed to be responsible for the disappearance of such evidence, spoliation sanctions are inappropriate" (*Cordero v Mirecle Cab Corp.*, 51 AD3d 707, 709 [2008]; *see O'Reilly v Yavorskiy*, 300 AD2d 456, 457 [2002]). Here, it is undisputed that the plaintiff was not responsible for the loss of evidence, which occurred before the litigation was commenced and well before she named Morris as an expert witness.

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint on the ground that it did not affirmatively create the allegedly dangerous condition and based on the plaintiff's spoliation of evidence.

The defendant's remaining contentions are without merit. Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.