■ SCOTT STROUGH et al., Respondents, v INCORPORATED VILLAGE OF WEST HAMPTON DUNES et al., Defendants, and FM DUNE VIEW DESIGNS, LLC, et al., Appellants. [949 NYS2d 737]—

In an action, inter alia, for a judgment declaring that the plaintiffs are the sole owners of certain real property located on the shore of Moriches Bay, the defendants FM Dune View Designs, LLC, Fran Moss, 780 Dune LLC, Gene Streim, Ilene Streim, Harvey Gessin, Marilyn Tune Gessin, Claire Vegliante, and Laura Fabrizio appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated February 16, 2011, as denied their motion for summary judgment, the defendants Robert Cervoni and Michelle Cervoni separately appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment, and the defendants Ettore Mancini, Stuart Schecter, Michelle Schecter, and Robert A. Nyholm appeal from the same order.

Ordered that the appeal by the defendants Ettore Mancini, Stuart Schecter, Michelle Schecter, and Robert A. Nyholm is dismissed, for failure to perfect the same in accordance with the rules of this Court (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants FM Dune View Designs, LLC, Fran Moss, 780 Dune LLC, Gene Streim, Ilene Streim, Harvey Gessin, Marilyn Tune Gessin, Claire Vegliante, Laura Fabrizio, Robert Cervoni, and Michelle Cervoni; and it is further,

Ordered that one bill of costs is awarded to the respondents, payable by the appellants appearing separately and filing separate briefs.

The defendants FM Dune View Designs, LLC, Fran Moss, 780 Dune LLC, Gene Streim, Ilene Streim, Harvey Gessin, Marilyn Tune Gessin, Claire Vegliante, and Laura Fabrizio failed to establish their prima facie entitlement to judgment as a matter of law, as they merely pointed to gaps in the plaintiffs' proof instead of "affirmatively demonstrat[ing] the merit of [their] . . . defense" (*Velasquez v Gomez*, 44 AD3d 649, 651 [2007] [internal quotation marks omitted]; *see Fotiou v Goodman*, 74 AD3d 1140, 1141 [2010]; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly denied their motion for summary judgment.

Similarly, the Supreme Court properly denied the cross motion of the defendants Robert Cervoni and Michelle Cervoni (hereinafter together the Cervoni defendants) for summary judgment. The Cervoni defendants failed to establish their prima facie entitlement to judgment as a matter of law, as they, too, merely pointed to gaps in the plaintiffs' proof instead of "affirmatively demonstrat[ing] the merit of [their] . . . defense" (*Velasquez v Gomez*, 44 AD3d at 651 [internal quotation marks omitted]; *see Fotiou v Goodman*, 74 AD3d at 1141; *see also Zuckerman v City of New York*, 49 NY2d at 562). However, as the Cervoni defendants correctly contend, neither the law of the case doctrine nor the doctrine of governmental immunity precludes them from asserting their defenses at trial (*see Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 177 n 2 [1985], *cert denied* 476 US 1115 [1986]; *Bernard v Grenci*, 48 AD3d 722, 724 [2008]; *Sterngass v Town Bd. of Town of Clarkstown*, 43 AD3d 1037, 1037 [2007]; *Hampton Val. Farms, Inc. v Flower & Medalie*, 40 AD3d 699, 701 [2007]; *Brownrigg v New York City Hous. Auth.*, 29 AD3d 721, 722 [2006]; *State of New York v Trustees of Freeholders & Commonalty of Town of Southampton*, 99 AD2d 804, 805 [1984]). Skelos, J.P., Florio, Lott and Miller, JJ., concur.