■ LIUDMILA EREMINA et al., Appellants, v GERARD V. SCPARTA et al., Respondents. [991 NYS2d 438]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, JHO), dated May 10, 2013, as granted the motion of the defendants Gerard V. Scparta and Maureen E. Scparta, and that branch of the cross motion of the defendant Junko Funahashi, which were pursuant to CPLR 3126 to preclude the plaintiffs from introducing certain evidence at trial based on spoliation of evidence, and granted that branch of the cross motion of the defendant Junko Funahashi which was pursuant to CPLR 3124 to compel the plaintiffs to produce certain MRI films to the extent of directing them to, within 45 days, produce certain MRI films or be precluded from offering those MRI films and reports of those MRI films into evidence at trial.

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting the motion of the defendants Gerard V. Scparta and Maureen E. Scparta, and that branch of the cross motion of the defendant Junko Funahashi, which were pursuant to CPLR 3126 to preclude the plaintiffs from introducing certain evidence at trial based on spoliation of evidence, and substituting therefor a provision denying the motion and that branch of the cross motion, and (2) by deleting the provision thereof granting that branch of the cross motion of the defendant Junko Funahashi which was pursuant to CPLR 3124 to compel the plaintiffs to produce certain MRI films to the extent of directing the plaintiffs to, within 45 days, produce certain MRI films or be precluded from offering those MRI films and reports of those MRI films into evidence at trial, and substituting therefor a provision granting

that branch of the motion to the extent of directing the plaintiffs to, within 45 days, produce those MRI films or copies of those MRI films in their possession, in the possession of their counsel, treating physicians, experts, or anyone under their control or, in the alternative, provide an affidavit or affidavits that those MRI films and copies of those MRI films are not in their possession or control or the possession or control of their counsel, treating physicians, experts, or anyone under their control, and, upon their failure to comply therewith, be precluded from offering those MRI films and reports in evidence, or testimony relying upon or utilizing those MRI films at trial; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On September 6, 2009, the plaintiffs, the operator and passengers in a vehicle, allegedly were injured when their vehicle was involved in a three-car collision with vehicles owned and operated by the defendants on Route I-87. The plaintiffs commenced this action against the defendants to recover damages for personal injuries. Counsel for the plaintiffs provided authorizations to counsel for the defendants to obtain the MRI films taken at Clearview of Brooklyn Medical, P.C. (hereinafter Clearview), with respect to the plaintiffs Liudmila Eremina and Konstantin Vayner. Counsel for the defendants Gerard V. Scparta and Maureen E. Scparta asked an outside vendor, Exam Works, to perform a radiological review of the films. By letter, an Exam Works radiological review supervisor informed the Scpartas' counsel that Clearview was no longer in business and that a letter sent to Clearview by certified mail at its last known address had been returned to them.

Thereafter, the Scpartas moved pursuant to CPLR 3126 to preclude the plaintiffs from introducing Clearview's MRI films taken of Eremina and Vayner, as well as any evidence as to the findings of those MRI tests. The defendant Junko Funahashi cross-moved pursuant to CPLR 3126 for the same relief and pursuant to CPLR 3124 to compel the plaintiffs to produce the MRI films within 45 days or be precluded from offering those MRI films and related reports into evidence at trial. The Supreme Court, inter alia, granted the motion and the cross motion and directed the plaintiffs to produce the subject films within 45 days or be precluded from offering the films and/or the reports relating to the films into evidence at the time of trial.

"Under the common-law doctrine of spoliation, a party may be sanctioned where it negligently loses or intentionally destroys key evidence" (*Neve v City of New York*, 117 AD3d 1006, 1008

[2014]; *see* CPLR 3126; *Gotto v Eusebe-Carter*, 69 AD3d 566, 567 [2010]). "Where a party did not discard crucial evidence in an effort to frustrate discovery, and cannot be presumed to be responsible for the disappearance of such evidence, spoliation sanctions are inappropriate" (*Cordero v Mirecle Cab Corp.*, 51 AD3d 707, 709 [2008]; *see Shay v Mozer, Inc.*, 80 AD3d 687, 688 [2011]).

Here, the defendants failed to demonstrate that the plaintiffs lost or destroyed the MRI films, or even that the MRI films are lost or destroyed. Thus, the Supreme Court improvidently exercised its discretion in granting the Scpartas' motion, and that branch of Funahashi's cross motion, which were pursuant to CPLR 3126 to preclude the plaintiffs from introducing the MRI films and related evidence at trial based on spoliation of evidence (*see Cordero v Mirecle Cab Corp.*, 51 AD3d at 709).

Further, CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." In general, "the supervision of disclosure is left to the broad discretion of the trial court, which must balance the parties' competing interests" (*Accent Collections, Inc. v Cappelli Enters., Inc.*, 84 AD3d 1283, 1283 [2011]; *see Reilly Green Mtn. Platform Tennis v Cortese*, 59 AD3d 694, 695 [2009]).

Here, under the circumstances, the Supreme Court providently exercised its discretion in granting that branch of Funahashi's cross motion which was pursuant to CPLR 3124 to compel the plaintiffs to make the MRI films available for duplication or, pursuant to CPLR 3126, be precluded from offering the films and/or the reports related to the films into evidence at the time of trial. However, the Supreme Court should have afforded the plaintiffs an opportunity to furnish an affidavit or affidavits, in the alternative, attesting to the fact that the MRI films or copies of the films were not in their possession or control or the possession and control of their counsel, treating physicians, experts, or anyone under their control. Mastro, J.P., Hall, Lott, Austin and Duffy, JJ., concur.