■ In the Matter of MOHAMED ABDELAL, Petitioner, v RAYMOND W. KELLY et al., Respondents. [30 NYS3d 1]—

Determination of respondent Police Commissioner Raymond Kelly (Commissioner), dated January 29, 2013, which terminated petitioner's employment with the New York City Police Department (NYPD), upon findings, after a hearing, that he, among other things, engaged in conduct prejudicial to the good order, efficiency and discipline of the NYPD, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Shlomo Hagler, J.], entered on or about June 16, 2014), dismissed, without costs.

The hearing testimony from Hudson County, New Jersey cor-

rectional employees constitutes substantial evidence to support the finding that petitioner engaged in conduct prejudicial to the good order, efficiency and discipline of the NYPD (*see generally Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]). An adverse inference was not warranted, because there was no evidence that the NYPD possessed, destroyed, or withheld the audio recording and in-house reports at issue (*Cordero v Mirecle Cab Corp.*, 51 AD3d 707, 709 [2d Dept 2008]), nor did petitioner demonstrate that the audio recording ever existed (*Cuevas v 1738 Assoc., LLC*, 96 AD3d 637, 638 [1st Dept 2012]). In addition, petitioner did not seek the admission of the video recording, and, in any event, petitioner's counsel, who had viewed the video, stipulated to its contents.

The penalty imposed does not shock our sense of fairness (*Matter of Waldren v Town of Islip*, 6 NY3d 735, 736-737 [2005]). Concur—Friedman, J.P., Andrias, Saxe and Kapnick, JJ.