■ Gaoming You et al., Appellants, v Mohamed Hicham Rahmouni, Respondent. [46 NYS3d 211]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Schneier, J.H.O.), dated September 21, 2015, which granted the defendant's motion pursuant to CPLR 3126 to preclude the plaintiffs from introducing certain evidence at trial based on spoliation of evidence.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendant's motion pursuant to CPLR 3126 to preclude the plaintiffs from introducing certain evidence at trial based on spoliation of evidence is denied.

In 2014, the plaintiffs commenced this action against the defendant to recover damages for personal injuries they sustained in a motor vehicle accident. Approximately six weeks after the accident, the plaintiff Gaoming You (hereinafter the plaintiff) had an MRI performed on the cervical and lumbar regions of his spine and both shoulders at Doshi Diagnostic Imaging Services, P.C. (hereinafter Doshi). In March 2015, the plaintiff

provided an authorization to the defendant to obtain his medical records, including any radiological films. However, when the defendant sought to utilize the authorization, Doshi advised the defendant's counsel that the plaintiff's original MRI films had been destroyed in its database system. Thereafter, the defendant moved pursuant to CPLR 3126 to preclude the plaintiffs from introducing at trial any evidence or testimony derived from the MRI films. The Supreme Court granted the defendant's motion.

Under the common-law doctrine of spoliation, a party may be sanctioned where it negligently loses or intentionally destroys key evidence (*see* CPLR 3126; *Cioffi v S.M. Foods, Inc.*, 142 AD3d 520, 524 [2016]; *Doviak v Finkelstein & Partners, LLP*, 137 AD3d 843, 845-846 [2016]; *Morales v City of New York*, 130 AD3d 792, 793 [2015]; *Eremina v Scparta*, 120 AD3d 616, 617 [2014]). The party requesting sanctions for spoliation has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and fatally compromised its ability to prove its claim or defense (*see Cioffi v S.M. Foods, Inc.*, 142 AD3d at 524; *Doviak v Finkelstein & Partners, LLP*, 137 AD3d at 846; *Morales v City of New York*, 130 AD3d at 793; *Lentini v Weschler*, 120 AD3d 1200, 1201 [2014]).

The determination of the appropriate sanction for spoliation is within the broad discretion of the court (*see Ortega v City of New York*, 9 NY3d 69, 76 [2007]; *Biniachvili v Yeshivat Shaare Torah, Inc.*, 120 AD3d 605, 606 [2014]; *Ortiz v Bajwa Dev. Corp.*, 89 AD3d 999 [2011]). This Court will substitute its judgment for that of the Supreme Court if that court's discretion was improvidently exercised (*see Doviak v Finkelstein & Partners, LLP*, 137 AD3d at 846; *Morales v City of New York*, 130 AD3d at 793; *Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 714 [2013]).

Here, the plaintiffs, who were never in possession of the MRI films, did not willfully discard the MRI films. Furthermore, under the circumstances, the plaintiffs cannot be held responsible for a nonparty's loss of the MRI films (*see Eremina v Scparta*, 120 AD3d at 618; *Shay v Mozer, Inc.*, 80 AD3d 687, 688 [2011]; *Fotiou v Goodman*, 74 AD3d 1140, 1141 [2010]; *Cordero v Mirecle Cab Corp.*, 51 AD3d 707, 709 [2008]). In any event, the defendant, who obtained copies of the MRI reports prepared by Doshi, failed to show that the MRI films were central to the case or that their destruction severely prejudiced his ability to defend the action (*see Gagliardi v Preferred Mut. Ins. Co.*, 102 AD3d 741, 742 [2013]; *Fireman's Fund Ins. Co. v*

*Sweeney & Harkin Carpentry & Dry Wall Corp.*, 78 AD3d 650, 651 [2010]; *Awon v Harran Transp. Co., Inc.*, 69 AD3d 889 [2010]).

Accordingly, the defendant's motion pursuant to CPLR 3126 to preclude the plaintiffs from introducing at trial any evidence or testimony derived from the MRI films should have been denied. Dillon, J.P., Hall, Sgroi, Miller and Brathwaite Nelson, JJ., concur.