Jhon Mendoza Silva, Appellant,
against
Progressive Insurance Co., Respondent.




Law Office of Melissa Betancourt, P.C. (Melissa Betancourt, Esq.), for appellant.
Adams, Hanson, Rego & Kaplan (Joan A. Reyes, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered November 30, 2015. The order, insofar as appealed from, granted the branch of defendant's motion seeking to compel plaintiff to provide outstanding discovery to the extent of directing plaintiff to appear for an examination before trial.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this action to recover under an automobile insurance policy for property damage, defendant served demands for discovery with its answer and, by a separate notice, demanded that plaintiff produce certain documents with respect to the property damage claim. Thereafter, defendant served a notice to take an examination before trial (EBT) on August 19, 2015. Plaintiff timely objected to the notice on the ground that the notice failed to identify the location of the examination. Defendant then served a follow-up EBT notice which set the location for an October 2015 examination but failed to set forth the day of the month on which it would be held. Plaintiff served a notice of trial and certificate of readiness for trial within days of serving an objection to the second EBT notice. Defendant moved for, among other things, an order directing plaintiff to provide outstanding discovery and vacating the notice of trial. Plaintiff opposed the motion and appeals from so much of the order as directed him to appear for an EBT on or before a specified date. 
"CPLR 3101 (a) provides that [t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof' " (Eremina v Scparta, 120 AD3d 616, 618 [2014] [citations omitted]). The motion court is generally vested with broad discretion over the supervision of disclosure, and an appellate court will not disturb the motion court's determination absent an improvident exercise of that discretion (see Sukhova v Ilyas, 132 AD3d 661 [2015]; Rinaldi v Evenflo Co., Inc., 62 AD3d 856 [*2][2009]). 
In the case at bar, defendant clearly established its intention to depose plaintiff with respect to his claim for property damage to his vehicle. While plaintiff objected to defendant's EBT notices as defective, the record indicates that plaintiff filed his notice of trial virtually simultaneously with the service of his objection to defendant's follow-up EBT notice, effectively preventing defendant from remedying the obvious defect. In view of the Civil Court's discretionary power to supervise disclosure, we find no reason to disturb its determination to direct plaintiff to appear for an EBT.
Accordingly, the order, insofar as appealed from, is affirmed.
SOLOMON, J.P., PESCE and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 01, 2017