Helm v Sung-Hoon Yang (2019 NY Slip Op 00802)





Helm v Sung-Hoon Yang


2019 NY Slip Op 00802


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1478 CA 18-01314

[*1]CHERYL HELM AND DEAN HELM, PLAINTIFFS-RESPONDENTS,
v
SUNG-HOON YANG, M.D., DEFENDANT-APPELLANT. 






HIRSCH & TUBIOLO, P.C., ROCHESTER (NICHOLAS J. REEDER OF COUNSEL), FOR DEFENDANT-APPELLANT.
THE LAW OFFICE OF CHARLES E. LUCENO, VALHALLA (CHARLES E. LUCENO OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered December 4, 2017. The order denied the motion of defendant to strike the complaint and dismiss the action. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action seeking damages for alleged medical malpractice, defendant appeals from an order denying his motion, inter alia, to strike the complaint as a sanction for spoliation of evidence. We affirm.
"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Rodman v Ardsley Radiology, P.C., 80 AD3d 598, 598 [2d Dept 2011]). Here, defendant did not meet his burden of establishing that plaintiffs negligently lost or intentionally destroyed evidence. Plaintiffs signed out the subject mammography films from St. James Mercy Hospital in the fall of 2011 and provided them to Highland Breast Imaging shortly thereafter for the purpose of continuing treatment. Plaintiffs represent that they were not in possession of the films at any time after providing them to Highland Breast Imaging, and the parties were unable to locate the films during discovery. Under the circumstances and on the current record, "it cannot be presumed that the plaintiffs are the parties responsible for the disappearance of the [mammography] films or, more importantly, that the films were discarded by the plaintiffs in an effort to frustrate discovery" (Payano v Milbrook Props., Ltd., 39 AD3d 518, 519 [2d Dept 2007]; cf. Burke v Queen of Heaven R.C. Elementary Sch., 151 AD3d 1608, 1609 [4th Dept 2017]). Thus, Supreme Court did not abuse its discretion in denying defendant's motion.
We have considered defendant's remaining contentions and we conclude that they do not require modification or reversal of the order.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court