Kalinowski v United Chair Co., Inc. (2019 NY Slip Op 04535)





Kalinowski v United Chair Co., Inc.


2019 NY Slip Op 04535


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


60 CA 18-01680

[*1]ANDREA KALINOWSKI AND JAMES KALINOWSKI, PLAINTIFFS-RESPONDENTS,
v
UNITED CHAIR COMPANY, INC., HAWORTH, INC., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






GOLDBERG SEGALLA LLP, BUFFALO (BRADLEY J. STEVENS OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
PAUL WILLIAM BELTZ, P.C., BUFFALO (PHILIPP L. RIMMLER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered June 6, 2018. The order denied the motion of defendants United Chair Company, Inc., and Haworth, Inc. for summary judgment dismissing plaintiffs' complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries sustained by Andrea Kalinowski (plaintiff), a correction officer who worked at the Erie County Correctional Facility (Facility), when she sat on a chair that broke causing her to fall to the floor. Supreme Court denied the motion of United Chair Company, Inc. and Haworth, Inc. (defendants) for summary judgment dismissing the complaint against them. We affirm.
Contrary to defendants' contention, even assuming, arguendo, that they met their initial burden "by presenting competent evidence that [the chair] was not defective" (Ramos v Howard Indus., Inc., 10 NY3d 218, 221 [2008]; see Cassatt v Zimmer, Inc., 161 AD3d 1549, 1550 [4th Dept 2018]), we conclude that plaintiffs raised a triable issue of fact in opposition to the motion by offering "competent evidence identifying a specific flaw" in the chair (Speller v Sears, Roebuck & Co., 100 NY2d 38, 42 [2003]). Plaintiffs submitted the affidavit of a woodworking and engineering expert in which the expert identified a specific manufacturing flaw upon his review of, inter alia, deposition testimony of witnesses, documentary evidence, and photographs of the broken chair that were taken at the Facility following the accident. The expert opined to a reasonable degree of engineering certainty that the two dowels visible at the joint where the chair leg broke were inadequately glued, which created a weak link and caused the joint to fail. He explained that a critical phase of the manufacturing process for a chair is the uniform and adequate application of glue in order to avoid creating a weak joint. He further explained the basis for his conclusion that the dowels of the subject chair were inadequately glued during the manufacturing process, i.e., he observed in the photographs that the dowels were bare with no residual wood from the fractured chair leg remaining bonded to the dowels, which was consistent with the failure of the manufacturer to adequately coat the dowels and corresponding holes with glue. The expert also opined that the failure of the dowel joint was due to the lack of glue therein, which "stemmed from the date of the chair's manufacture." Thus, contrary to defendants' contention, we conclude that "[p]laintiff[s'] expert based his opinion not on speculation but on his knowledge of the [chair's] parts and their functions, documentary evidence, witnesses' deposition testimony, and reasonable inferences drawn from photographs taken of the [chair] at the scene of the failure" (Scholastic Inc. v Pace Plumbing Corp., 129 AD3d 75, 87 [1st Dept 2015]).
We also reject defendants' further contention that they are entitled to summary judgment because plaintiffs' expert failed to exclude all other possible causes for the chair's failure not attributable to defendants. Inasmuch as plaintiffs' theory relates to a specific manufacturing flaw in the chair, i.e., inadequately glued dowels creating a weak joint, plaintiffs "were not required to rule out all other possible causes of the accident" (Call v Banner Metals, Inc., 45 AD3d 1470, 1471 [4th Dept 2007]; cf. Ramos, 10 NY3d at 223; Speller, 100 NY2d at 42). In any event, even assuming, arguendo, that plaintiffs were required to rule out alternative causes, we conclude that "plaintiffs raised a triable question of fact by offering competent evidence which, if credited by the jury, was sufficient to rebut defendants' alternative cause evidence" (Speller, 100 NY2d at 43; see Norton v Albany County Airport Auth., 52 AD3d 871, 874 [3d Dept 2008]). In particular, given the nature of the manufacturing defect that he identified and the evidence before him, plaintiffs' expert ruled out the age of the chair, environmental conditions, storage damage, misuse, and plaintiff's weight as possible causes of the chair's collapse.
Defendants additionally contend that the court should have granted their request to dismiss the complaint against them as a sanction for spoliation of evidence because plaintiffs negligently allowed the chair to be discarded. We reject that contention. Here, prior to commencing a separate proceeding against, as relevant here, the County of Erie (County), plaintiffs made affirmative efforts to preserve the chair by seeking and obtaining a court order directing the County to do so. It was the County, not plaintiffs, that inadvertently discarded the chair in violation of that court order approximately two years prior to plaintiffs' commencement of the instant action against defendants. The record thus establishes that "plaintiffs, who were never in possession of the [chair], did not discard the [chair] in an effort to frustrate discovery" and that, "under the circumstances, . . . plaintiffs cannot be held responsible for a nonparty's accidental loss of the [chair]" (Cordero v Mirecle Cab Corp., 51 AD3d 707, 709 [2d Dept 2008]; see Franco Belli Plumbing & Heating & Sons, Inc. v Dimino, 164 AD3d 1309, 1313-1314 [2d Dept 2018]; Shay v Mozer, Inc., 80 AD3d 687, 687-688 [2d Dept 2011]). Moreover, we note that "plaintiffs were prejudiced along with [defendants] by the loss of the [chair]" (Cordero, 51 AD3d at 709; see Fotiou v Goodman, 74 AD3d 1140, 1141 [2d Dept 2010]), and that defendants will be able to defend the action with the available evidence, including eyewitness accounts and the contemporaneous photographs of the broken chair (see generally Burke v Queen of Heaven R.C. Elementary Sch., 151 AD3d 1608, 1609-1610 [4th Dept 2017]; Gaoming You v Rahmouni, 147 AD3d 729, 730-731 [2d Dept 2017]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court