Grucci v Grucci (2019 NY Slip Op 05767)





Grucci v Grucci


2019 NY Slip Op 05767


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-05920
 (Index No. 19632/01)

[*1]Michael Grucci, appellant, 
v
Christine Grucci, respondent.


Arthur V. Graseck, Jr., Central Islip, NY, for appellant.
Darrin Berger, Huntington, NY, for respondent.



DECISION & ORDER
In an action to recover damages for fraud and negligence, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated April 7, 2017. The judgment, upon an order of the same court dated January 23, 2017, inter alia, granting that branch of the defendant's motion which was for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly.
The plaintiff commenced this action against the defendant, his former spouse, asserting causes of action alleging fraud and negligence. The defendant moved, inter alia, for summary judgment dismissing the complaint, contending that the plaintiff could not prove any element of the causes of action he had asserted, and that the plaintiff had no admissible evidence that he suffered any injury. In support of her motion, the defendant did not advance any argument that the plaintiff's causes of action were time-barred, or that they did not state a valid cause of action. Nevertheless, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the grounds that the fraud and negligence causes of action were barred by the statute of limitations, and that the plaintiff had failed to state a cause of action to recover damages for negligence. The plaintiff appeals.
The Supreme Court should not have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on grounds that the parties did not litigate (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54; Marshall v New York City Health & Hosps. Corp., 186 AD2d 542, 543-544; Conroy v Swartout, 135 AD2d 945; see also Dunham v Hilco Constr. Co., 89 NY2d 425).
Considering the issues that the parties did litigate, "[i]t is well settled that in order to be entitled to summary judgment, the movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case'" (Iannucci v Kucker & Bruh, LLP, 161 AD3d 959, 960, quoting Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). " It is a defendant's burden, when it is the party moving [*2]for summary judgment, to demonstrate affirmatively the merits of a defense, which cannot be sustained by pointing out gaps in the plaintiff's proof'" (Iannucci v Kucker & Bruh, LLP, 161 AD3d at 960, quoting Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871; see Velasquez v Gomez, 44 AD3d 649, 650). Here, in support of her motion for summary judgment, the defendant merely pointed to gaps in the plaintiff's proof instead of affirmatively demonstrating with admissible evidence the merits of a defense.
Since the defendant failed to meet her prima facie burden, the Supreme Court should have denied that branch of her motion which was for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court