Pollard v 38-18 Crescent St., LLC (2025 NY Slip Op 05544)

Pollard v 38-18 Crescent St., LLC

2025 NY Slip Op 05544

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2024-10960
 (Index No. 709244/21)

[*1]Duane Pollard, respondent, 
v
38-18 Crescent St., LLC, appellant, et al., defendant.

The Gold Law Firm, P.C., North Bellmore, NY (Karen C. Higgins of counsel), for appellant.
Licatesi Law Group, LLP, Uniondale, NY (Joseph N. Armao of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 38-18 Crescent St., LLC, appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered September 9, 2024. The order, insofar as appealed from, granted the plaintiff's motion pursuant to CPLR 3126 to strike the answer of the defendant 38-18 Crescent St., LLC, to the extent of directing that defendant to obtain and provide an insurance inspection report with photographs from its insurance carrier within 30 days of the date of the order.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting the plaintiff's motion pursuant to CPLR 3126 to strike the answer of the defendant 38-18 Crescent St., LLC, to the extent of directing that defendant to obtain and provide an insurance inspection report with photographs from its insurance carrier within 30 days of the date of the order, and substituting therefor a provision granting the motion to the extent of directing that defendant, within 30 days of the date of this decision and order, to produce the insurance inspection report with photographs or, in the alternative, provide an affidavit or affidavits that the insurance inspection report with photographs is not in that defendant's possession, custody, or control or in the possession, custody, or control of anyone under that defendant's control, and, upon that defendant's failure to comply therewith, be precluded from offering any evidence or testimony at trial upon further and final application by the plaintiff; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendant 38-18 Crescent St., LLC (hereinafter the defendant), among others, to recover damages for personal injuries the plaintiff allegedly sustained when he tripped and fell on a defective sidewalk condition abutting the defendant's property. A shareholder of the defendant testified at a deposition that the defendant had repaired a portion of the subject sidewalk after receiving a notice from the defendant's insurance carrier indicating that the sidewalk had been inspected and would need to be repaired in order to continue the defendant's insurance coverage. Following that deposition, the plaintiff requested that the defendant produce, inter alia, the insurance inspection report and any photographs submitted with the report. Thereafter, the plaintiff moved pursuant to CPLR 3126 to strike the defendant's answer for failure to comply with the plaintiff's discovery demands. In opposition to the plaintiff's motion, the defendant served a response to the plaintiff's discovery demands, stating, among other things, [*2]that the defendant did not have a copy of the insurance inspection report or any photographs associated with the report. In an order entered September 9, 2024, the Supreme Court, inter alia, granted the plaintiff's motion to the extent of directing the defendant to obtain and provide the insurance inspection report and any photographs associated with the report from its insurance carrier within 30 days of the date of the order. The defendant appeals.
"[T]he Supreme Court has broad discretion in supervising disclosure and in resolving discovery disputes" (Pizzo v Lustig, 216 AD3d 38, 44 [internal quotation marks omitted]). Pursuant to CPLR 3120, a party may serve on any other party a notice "to produce and permit the party seeking discovery . . . to inspect, copy, test or photograph any designated documents or any things which are in the possession, custody or control of the party or person served" (id. § 3120[1][i]). However, "a party may not be compelled to produce or sanctioned for failing to produce information that is not in his or her possession or control" (Nunez v Laidlaw, 150 AD3d 1124, 1126; see Tyson v Diallo, 238 AD3d 932, 935).
Here, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to the extent of directing the defendant to provide the insurance inspection report and any photographs associated with the report. However, the court should have afforded the defendant an opportunity, in the alternative, to furnish an affidavit or affidavits attesting to the fact that the insurance inspection report with accompanying photographs is not in the defendant's possession, custody, or control or in the possession, custody, or control of anyone under the defendant's control (see Eremina v Scparta, 120 AD3d 616, 618).
GENOVESI, J.P., MILLER, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court