SANTO E. PENDOLA, Plaintiff, *v.* M. & S. CAFETERIA, INC.,
Defendant.

City Court of the City of New York, Trial Term, Queens County,
September 24, 1954.

*Samuel Brodsky* and *Nathan Gottesman* for plaintiff.

*Emanuel Morgenbesser* and *Abraham Shapiro* for defendant.

MORRIS, J.  This is an action tried without a jury in which the plaintiff is asking for $6,000 because he alleges that on July 9, 1953, he consumed food in defendant's restaurant which caused him to suffer from food poisoning resulting in severe vomiting and diarrhea, and that he was confined in a hospital for treatment from July 9 to July 12, 1953.  His testimony is that he ate a ham sandwich at about noon on July 9, 1953, and was taken ill a short time thereafter, 3:45 P.M., and taken to the hospital. Diagnosis:  " Intestinal bleeding."

Plaintiff in this type of case is not required to establish negligence but the liability arises out of a warranty implied in law that foodstuffs sold by restaurant keepers are fit for human consumption and contain no foreign or deleterious substance.

The proof required was to prove the purchase of the food, that it is unwholesome and that injury resulted from the food purchased. Proof may be supplied by circumstantial evidence, but the circumstances must be such as to lead to the logical inference or conclusion that the food allegedly eaten by plaintiff was tainted. Most cases fall far short of the high degree of proof required.

The medical testimony adduced, including that of the physician for the plaintiff, discloses that doctors lay down exact medical criteria for scientific proof in food poisoning cases. This was admitted by the plaintiff's physician on cross-examination.

A. Careful laboratory studies are necessary in order to definitely establish the exact cause. It may be contended that it should not be expected that a person in the throes of a serious attack of food poisoning or perhaps his physician should arrange for laboratory tests and analyses of his vomit and excreta to prove his case. But other elements can be offered to permit the case to go to the jury or raise a question of fact; for instance, proof that someone or others in the same party ate the same solids and became ill, or that a complaint was made to the defendant restaurant or to the board of health with perhaps an examination by said board of the food allegedly eaten.

B. It was further conceded by plaintiff's physician that it is incorrect to blame the last food consumed, in view of the fact that any food taken within thirty-six to forty-eight hours of the attack could be the cause of the illness.

C. The period of incubation in food poisoning cases varies from three to forty-eight hours, as different bacteria causing food poisoning cause different periods of incubation, and some people have different resistance power to the same bacteria.

D. Certain food poisoning cases are due to certain bacteria which are normally present in the plaintiff's throat or intestines and which, for some indefinite or not well understood reason, can produce what appears to be food poisoning.

E. The seeming or apparent food poisoning may be due to food, consumed by others with no ill effects or results but to which the plaintiff may have an allergy or may at that particular time be easily susceptible to a stomach or intestinal upset or it may be caused by pre-existing impaired digestion.

The plaintiff had a ham sandwich at noon and had an attack at 3:45 P.M., July 9, 1953. For breakfast that day he had French toast, bacon and coffee, and the day before, for supper, lunch or breakfast he does not remember where he ate or what food he consumed.

In the instant case no laboratory tests were made of the vomit or excreta. The plaintiff made no complaints to the defendant or the public authorities, or is there any proof that any other person or persons became similarly ill from eating the same type of food.

The physician who testified for the plaintiff stated that the condition of the plaintiff and the type of his illness was in his opinion, caused by food poisoning, but of course could not state positively what kind of food may have been the cause, but that it could have been caused by eating ham that day. He also testified that to his knowledge the plaintiff had no allergies, but no tests were taken in this regard. The plaintiff testified to the same effect.

No doubt the plaintiff was quite ill. The question of fact to determine is whether the ham sandwich eaten by the plaintiff at about noon was the cause of the illness and whether, under the circumstances in the instant case, the plaintiff has sustained the burden of proof.

A witness called by the plaintiff corroborated the plaintiff's testimony as to the purchase of the ham sandwich and the manner or method of the service of food in defendant's restaurant.

The court is of the opinion that the plaintiff has failed to sustain the burden of proof, and the complaint is therefore dismissed on the merits. Judgment for defendant, and the clerk of the court is directed to enter judgment accordingly.