Charles Gold, J.
The following order is substituted for the order of August 21, 1967, in the above matter:
The motion is granted. The complaint is stricken and defendants are granted summary judgment.
In resisting a motion for summary judgment a plaintiff must, by affidavit, disclose evidentiary facts sufficient to enable the court to determine that there are questions of fact in regard to plaintiff’s cause of action which would require disposition after plenary trial and that defendant is not entitled to judgment as a matter of law. The facts asserted by a plaintiff in the moving papers must be such that, if adduced at trial, would preclude the court from directing a verdict for the defendant as a matter of law. (CPLR 3212, subd. [b]; Weiss v. Garfield, 21 A D 2d 156, 158; CPLR 4401.) This plaintiffs have failed to do.
The sine qua non of an action of this nature is proof of both a defect in defendant’s product and that due to this defect plaintiff was injured. It is admitted that “ the plaintiffs have not yet conducted a bacteriological examination [of the contents of plaintiff Joyce Galumbcclt’s stomach].” No explanation as to why this has not been done, or how it may still, at this late date, be done, is offered.
Further, though the court in the interest of justice afforded plaintiffs the opportunity to supply a supplemental affidavit of a physician which would furnish a basis in fact for causally linking the defendants’ product with the alleged resultant condition, the affidavit submitted merely reiterates the hearsay statement of ingestion of the product and the presence of a condition, *114 . i.e., food poisoning. No claim or assertion is supplied medically linking the two.
The plaintiffs thus have failed to come forward with facts that would raise issues as to the existence of any defect, in the ingested substance, which might give rise to the condition complained of and thus upon this motion have failed to establish a basic showing, cognizable in law. (Pendola v. M. & S. Cafeteria, 206 Misc. 595; Weinberg v. Doelger Brewing Co., 174 N. Y. S. 69; Shamon v. Adelman, N. Y. L. J., June 21,1962, p. 13, col. 6.)