■ THERESA HOHN et al., Appellants, v SOUTH SHORE SERVICE, INC., Appellant, and DONNA SCAMINACI, Doing Business as A-1 CITY DRESSED PORKS, Respondent. (And a Third-Party

Action.)—In an action to recover damages for personal injuries, etc., (1) the defendant South Shore Service, Inc. (hereinafter South Shore) appeals, *inter alia,* from so much of an order and judgment of the Supreme Court, Suffolk County (Gowan, J.), entered April 20, 1987, as granted the motion of the defendant Donna Scaminaci, doing business as A-1 City Dressed Porks (hereinafter Scaminaci) for summary judgment dismissing South Shore's cross claim, and (2) the plaintiffs separately appeal, as limited by their brief, from so much of the same judgment as granted Scaminaci's motion for summary judgment dismissing the complaint as against her.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

On December 27, 1984, the plaintiff Theresa Hohn purchased a beef product from the defendant South Shore. She alleges that unbeknownst to her, the beef was contaminated by contact with pork which contained trichina spirulis which had been sold to South Shore by Scaminaci. This plaintiff allegedly ingested the beef product and contracted trichinosis.

The plaintiffs contend that Scaminaci breached an implied warranty of merchantability when she sold the contaminated raw pork to the defendant South Shore. An action for damages caused by the breach of the implied warranty with regard to food may be maintained, at least by the party to whom the warranty is made *(McSpedon v Kunz,* 271 NY 131). A distributor impliedly warrants that foods sold by description are fit for human consumption and merchantable *(see,* UCC 2-314). Her warranty does not, however, extend to the wholesomeness of raw pork when the pork is intended for ordinary cooking *(see, McSpedon v Kunz, supra,* at 141 [Lehman, J., dissenting]; *Feinstein v Daniel Reeves, Inc.,* 14 F Supp 167).

Nor is it reasonably foreseeable in selling pork to a butcher in the ordinary course of business that he would prepare and sell a product of this kind to be eaten without cooking *(see, Dressler v Merkel, Inc.,* 247 App Div 300), or that he would cause it to be combined, uncooked, with another product.

Lastly, we conclude that Agriculture and Markets Law §§ 199-a and 200 were not violated by Scaminaci. Under the facts presented, the raw pork distributed by Scaminaci was not "adulterated" within the meaning of the statute *(see, Lucey v Harstedt,* 296 NY 810; *Blume v Trunz Pork Stores,* 269 App Div 1059). Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.

■ LEONARD HOLZER, Doing Business as LEONARD HOLZER