■ MARGARET VALENTI, Respondent, v GREAT ATLANTIC & PACIFIC TEA COMPANY, Doing Business as A & P SUPERMARKETS, et al., Appellants. [615 NYS2d 84] —In an action to recover damages for personal injuries, the defendants appeal, as lim-

ited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated August 25, 1992, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' cross motion for summary judgment dismissing the complaint is granted, and the complaint is dismissed.

The plaintiff suffered nausea, vomiting, and diarrhea when she allegedly saw and/or ate a worm in a can of string beans which she had purchased at a supermarket. The plaintiff had the burden of proving that the food was defective and that her injury resulted from its consumption (see, Pendola v M.&S. Cafeteria, 206 Misc 595; Uffner v Campbell Soup Co., 207 Misc 21; Willis v Safeway Stores, 105 NYS2d 9; Stewart v Martin, 181 SW2d 657 [Mo]; Williams v Coca-Cola Bottling Co., 285 SW2d 53 [Mo App]). The plaintiff failed to submit any probative evidence which would establish that her flu-like symptoms were caused by the foreign object in the can of beans. The mere fact that the plaintiff became nauseous about one-half hour after consuming some of the contents of the can is insufficient to withstand the defendants' motion for summary judgment. "There are many different causes of nausea, vomiting and stomach distress" (Williams v Coca-Cola Bottling Co., supra, at 57). Moreover, the report of the plaintiff's own examining physician, in describing her visit to his office the day after the alleged incident, makes no reference to the incident or to any examination or medication given in reference thereto. The plaintiff's "evidence of impurity * * * leaves her proof in the realm of speculation and conjecture" (Williams v Coca-Cola Bottling Co., supra, at 57). Accordingly, the defendants' cross motion for summary judgment is granted and the complaint is dismissed. Mangano, P. J., Bracken, Joy and Hart, JJ., concur.