■ Andrew Russac et al., Respondents, v Crest Hollow Country Club of Woodbury et al., Appellants. [675 NYS2d 643]

—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Burke, J.), entered August 29, 1997, which granted the plaintiffs' motion to reargue and, upon reargument, (a) vacated a prior order of the same court, dated April 22, 1997, granting the defendants' motion for summary judgment, and (b) denied the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting therefrom the provisions vacating the order dated April 22, 1997, and denying the defendants' motion for summary judgment dismissing the complaint, and substituting therefor a provision adhering to the determination in the order dated April 22, 1997; as so modified, the order is affirmed, with costs to the defendants.

The plaintiffs commenced this action, *inter alia,* to recover damages for injuries sustained by Andrew Russac when a toothpick perforated his intestine. The plaintiffs theorized that Andrew ingested the toothpick several days earlier while eating a shrimp cocktail during a function held at the defendants' premises. Following extensive disclosure, the defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. However, the court granted the plaintiffs' motion for reargument, vacated its prior order, and denied the defendants' motion for summary judgment. This appeal ensued.

Contrary to the defendants' contention, upon our review of the plaintiffs' submissions in support of the motion to reargue, we discern no improvident exercise of discretion by the Supreme Court in granting reargument (*see generally, Schneider v Solowey,* 141 AD2d 813). However, we agree with the defendants that the court should have adhered to its prior determination granting summary judgment in their favor, since the plaintiffs failed to establish a prima facie case. The plaintiffs merely submitted evidence indicating that Andrew Russac briefly gagged while eating a shrimp at the function, that he experienced abdominal pain several days thereafter, and that he did not gag on any other food in the interim. However, Andrew testified at his deposition that the gagging incident occurred when he attempted to swallow a whole jumbo shrimp without chewing it, that the shrimp passed down his esophagus after a period of seconds, that he never experienced any pain or discomfort in his throat as a result of the episode (*cf., Krall v Shaker Ridge Country Club,* 51 AD2d 481), and that he was able to resume his meal without further incident.

Hence, there is nothing in the record to suggest that the gagging incident was more likely caused by a toothpick embedded in the shrimp than by the shrimp itself. Moreover, Andrew admitted, *inter alia,* that he kept a supply of toothpicks at home and used them to clean his teeth. Given these circumstances, the defendants correctly contended that the plaintiffs failed to meet their burden of showing that it was more probable than not that Andrew's ingestion of the toothpick occurred at the defendants' premises (*see, Tardella v RJR Nabisco,* 178 AD2d 737). Moreover, the plaintiffs' proof did not render other possible sources of the toothpick sufficiently remote, and a jury would be required to engage in impermissible speculation in order to reach a verdict in favor of the plaintiffs based on the evidence in this case (*see, Capraro v Staten Is. Univ. Hosp.,* 245 AD2d 256; *Howerter v Dugan,* 232 AD2d 524; *Valenti v Great Atl. & Pac. Tea Co.,* 207 AD2d 340; *DeCicco v Roberts,* 202 AD2d 165; *see generally, Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743). Miller, J. P., Sullivan, Friedmann and McGinity, JJ., concur.