■ DOLORES QUINN, Respondent, v WENCO FOOD SYSTEMS, Co., et al., Appellants, et al., Defendants. [703 NYS2d 222] —In an action to recover damages for personal injuries, the defendants Wenco Food Systems, Co., Wenco Food Systems Corp., Richard Jacobs, and David W. Pancoast appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated January 7, 1999, which denied their motion pursuant to CPLR 3012 (b) to dismiss the complaint insofar as asserted against them for failure to serve a complaint.

Ordered that the order is reversed, on the law and as an exercise of discretion, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

This action was commenced by the filing of a summons with notice. On April 3, 1997, the appellants served a demand for the complaint, and, when none was forthcoming, followed up with a letter dated May 16, 1997. Pursuant to CPLR 3012 (b), service of the complaint should have been made within 20 days after service of the demand. The complaint was served on or about July 6, 1998.

The Supreme Court improvidently exercised its discretion in denying the appellants' motion to dismiss the complaint insofar as asserted against them based upon the plaintiff's failure to serve a complaint (*see,* CPLR 3012 [b]). In opposing the appellants' motion, the plaintiff was required to demonstrate a meritorious cause of action and a reasonable excuse for the delay (*see, Bravo v New York City Hous. Auth.,* 253 AD2d 510; *Culley v Morrison,* 247 AD2d 356; *Chiaffarano v Winston,* 234 AD2d 329, 330). The excuse proffered for serving the complaint 14 months after it was due, and three months after service of the motion to dismiss, was that the plaintiff's counsel had a burglary in his office of unspecified date and "all of [his] files were thrown out and scattered around [his] office". Given the length of the delay, the failure to specify the date of the burglary, the fact that the appellants had twice demanded service of the complaint without response, and the fact that the plaintiff did not seek an extension of time to serve the complaint, the claimed law office failure was insufficient to establish a reasonable excuse for the delay (*see, Bravo v New York*

*City Hous. Auth., supra; Bardales v Blades,* 191 AD2d 667, 668). Furthermore, the plaintiff failed to make a prima facie showing of legal merit for her claim that the food she ingested from the appellants' restaurant caused her alleged injuries (*see, Brown v City Sam Rests.,* 246 AD2d 301; *Valenti v Great Atl. & Pac. Tea Co.,* 207 AD2d 340; *Galumbeck v E. J. Korvette, Inc.,* 55 Misc 2d 113; *Pendola v M. & S. Cafeteria,* 206 Misc 595). Thompson, J. P., S. Miller, Krausman, Florio and Schmidt, JJ., concur.