■ THOMAS SANTORELLI, Respondent, v APPLE & EVE, L.P., et al., Defendants, and JOHANNA FOODS, INC., et al., Appellants. [724 NYS2d 352] —In an action, *inter alia,* to recover damages based on product liability, the defendants Johanna Foods, Inc., and Lacto Milk Products appeal from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), entered August 25, 2000, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff commenced the instant action against multiple parties, including the appellants, to recover damages for physical and psychological injuries he allegedly suffered when he drank juice which was contaminated. It is undisputed that when the plaintiff first opened the juice it tasted fine and showed signs of contamination only after it had been in his refrigerator for some time. The appellant Johanna Foods, Inc. manufactured the juice in question. Johanna Foods, Inc., and the defendant Lacto Milk Products, apparently a separate but related company, moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied their motion. We reverse.

In order to prevail in this action the plaintiff must establish "that a defect in the product was a substantial factor in causing the injury and * * * that the defect complained of existed at the time the product left the manufacturer or entity in the line of distribution being sued" (*Tardella v RJR Nabisco,* 178 AD2d 737; *see also, Hohn v South Shore Serv.,* 141 AD2d 504; *Vamos v Coca-Cola Bottling Co.,* 165 Misc 2d 388, 390). In opposition to the appellants' prima facie showing of entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact with regard to the above factors. Therefore, the appellants are entitled to summary judgment dismissing the complaint insofar as asserted against them (*see,* CPLR 3212 [b]; *Tardella v RJR Nabisco, supra*). O'Brien, J. P., McGinity, H. Miller and Smith, JJ., concur.