■ DAVID JAROSLAWICZ, Respondent, v PRESTIGE CATERERS, INC., et al., Appellants. [739 NYS2d 670] —Order, Supreme Court, New York County (Richard Braun, J.), entered May 18, 2001, which, inter alia, denied defendants' respective motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff seeks to recover damages for food poisoning, allegedly caused by Camplyobacter jejuni bacteria, which, plaintiff claims, developed into Guillain-Barre Syndrome, a serious neurological disorder. The food poisoning is said to have occurred during the 1999 Passover holiday while plaintiff was on a hotel and meal package plan tour offered and run by the Leisure Time defendants. Leisure Time contracted with the Wyndham Hotel in Florida to accommodate the tour guests

and orally contracted with defendant Prestige Caterers to prepare the meals offered on the tour. Although defendants maintain that the complaint should be dismissed because there is no basis for plaintiff's claim that food consumed on the tour was the cause of his illness, the statement of their expert that there is "insufficient information" to conclude that plaintiff's illness was brought about by the ingestion of improperly cooked or handled food at the Wyndham Hotel during the Passover holiday of 1999, was not adequate to meet defendants' burden as summary judgment movants to demonstrate their prima facie entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). In any case, plaintiff, in opposing defendants' motions, adduced sufficient evidence to raise a triable issue as to causation (*see, Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550). Plaintiff's evidence included a summary of events showing the temporal relation between the alleged food poisoning, his infection with Campylobacter and his contraction of Guillain-Barre Syndrome, the clinical observations of his treating physicians, and medical opinions submitted on his behalf based on medical studies documenting the association between Campylobacter ingestion and the subsequent contraction of Guillain-Barre.

Issues of fact also exist as to whether Leisure Time may be held liable for the alleged negligence of Prestige. While Leisure Time claims that it was not a merchant within the meaning of UCC 2-314 and that Prestige was an independent contractor over whom it exercised no supervision or control, the record contains evidence that Leisure Time offered a tour package including meals, assumed responsibility for the preparation of meals in its contract with Wyndham, provided dishware, utensils and cooking equipment for the kitchen, paid for the food and labor used in the preparation of meals provided on its tour, oversaw the kitchen operations, and made comments and suggestions to Prestige, all of which may rise beyond the level of general supervisory control and support its status as a merchant within the meaning of the statute.

Issues of fact also exist with respect to the validity and enforceability of the disclaimer contained in Leisure Time's brochure.

We have considered defendants' other arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Sullivan, Buckley and Marlow, JJ.