(May 12, 2003)

■ JAMES G. ACTON et al., Respondents, v YELLOW TOP FARMS, Appellant, HI-N-LITE FARMS, Defendant and Third-Party Plaintiff-Appellant, WILLIAM OSTER, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. LEHMANS' EGG SERVICE, INC., Third-Party Defendant-Appellant. [758 NYS2d 814] —In an action to recover damages for personal injuries, etc., the defendant Yellow Top Farms appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered April 30, 2001, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, the defendant Hi-N-Lite

Farms appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the third-party and second third-party defendant, Lehmans' Egg Service, Inc., appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the third-party and second third-party complaints.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants by the respondents appearing separately and filing separate briefs, the motion and cross motions are granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants Yellow Top Farms and Hi-N-Lite Farms, the third-party and second third-party complaints are dismissed, and the action against the remaining defendants is severed.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). The appellants established their entitlement to summary judgment. In opposition, the respondents failed to raise a triable issue of fact as to whether the appellants were responsible for the contamination of the eggs in question. Accordingly, the motion and cross motions for summary judgment should have been granted (*see Santorelli v Apple & Eve,* 282 AD2d 731 [2001]). Luciano, J.P., Adams, Townes and Mastro, JJ., concur.