■ Frank Ortega et al., Respondents, v Paul Trefz et al., Appellants. [845 NYS2d 73]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Dutchess County (Brands, J.), dated June 15, 2006, which denied their motion for summary judgment dismissing the complaint, and (2) an order of the same court dated October 16, 2006, which denied their motion, denominated as one for leave to reargue and/or renew but which was, in actuality, one for leave to reargue.

Ordered that the order dated June 15, 2006 is reversed, on the law, and the defendants' motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the appeal from the order dated October 16, 2006, is dismissed, as no appeal lies from an order denying reargument and, in any event, the appeal has been rendered academic in light of our determination of the appeal from the order dated June 15, 2006; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court erred in denying the defendants' motion for summary judgment dismissing the complaint on the ground that it was untimely. Service upon a party's attorney by mail

"shall be complete upon mailing" (CPLR 2103 [b] [2]). " 'Mailing' means the deposit of a paper enclosed in a first class postpaid wrapper, addressed to the address designated by a person for that purpose or, if none is designated, at that person's last known address, in a post office or official depository under the exclusive care and custody of the United States Postal Service within the state" (CPLR 2103 [f] [1]). A properly executed affidavit of service raises a presumption that proper mailing occurred (*see Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]; *Engel v Lichterman*, 62 NY2d 943, 944-945 [1984]).

Here, the defendants submitted a notarized affidavit of service from an employee of the defendants' counsel attesting that she mailed the motion papers on May 9, 2006 by depositing them "in an official depository under the exclusive care and custody of the United States Postal Service," thus raising a presumption of proper mailing (*see* CPLR 2103 [b] [2]). The postmark date of May 10, 2006 on the envelope in which the plaintiffs received the motion, did not establish that service was not completed on May 9, 2006 (*see Kings Park Classroom Teachers Assn. v Kings Park Cent. School Dist.*, 63 NY2d 742 [1984]).

Addressing the merits of the motion, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by demonstrating that there was no evidence that the injured plaintiff's illness was caused by his consumption of food at the defendants' restaurant or that the food he ingested at the defendants' restaurant was unfit for human consumption (*see* CPLR 3212 [b]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Silver v Quality Taste Rest. Inc.*, 11 AD3d 239 [2004]; *Russac v Crest Hollow Country Club of Woodbury*, 252 AD2d 548, 549 [1998]; *Valenti v Great Atl. & Pac. Tea Co.*, 207 AD2d 340, 341 [1994]). Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been granted. Miller, J.P., Skelos, Covello and McCarthy, JJ., concur.