■ SHANI AMIT, Respondent, v HINENI HERITAGE CENTER, Appellant, SHIMON AVITAN et al., Respondents. [856 NYS2d 146]—

The plaintiff claims that she became ill after attending a Shabbat dinner at the premises of the defendant Hineni Heritage Center (hereinafter Hineni). The food had been prepared by the defendants Shimon Avitan and Yehoud Avital, doing business as Mezonot Glatt Kosher, and delivered to Hineni's premises approximately seven hours before the dinner.

Shortly after returning home from the dinner, the plaintiff became ill, and the undisputed evidence shows that, of the 70 to 80 dinner guests, at least a dozen other people became ill that night. The plaintiff was later diagnosed as suffering from "food poisoning" and "food-related gastroenteritis."

Hineni failed to establish, prima facie, its entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it (*see Ayotte v Gervasio,* 81 NY2d 1062 [1993]; *O'Leary v Bravo Hylan, LLC,* 8 AD3d 542 [2004]; *Jaroslawicz v Prestige Caterers,* 292 AD2d 232, 233 [2002]). Although Hineni did not prepare the food, it was responsible for its proper storage and service. Yet Hineni failed to submit any evidence showing that the food was properly stored and served. Under these circumstances, Hineni was not entitled to summary judgment.

Moreover, because Hineni failed, prima facie, to establish its own lack of negligence, the Supreme Court properly denied that branch of its motion which was for summary judgment on its cross claim for common-law indemnification against the other defendants (*see Coque v Wildflower Estates Devs, Inc.,* 31 AD3d 484, 489-490 [2006]; *Correia v Professional Data Mgt.,* 259 AD2d 60, 65 [1999]).

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Fisher, Covello and Eng, JJ., concur.