11-0201-cv
Luna v. American Airlines, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of September, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*,
             VALERIE CAPRONI[1]
                     *District Judge*.
_____

MONSERRATE LUNA,

                     *Plaintiff-Appellant*,

            -v-                                          11-0201-cv

AMERICAN AIRLINES, INC., LSG SKY CHEFS,

                     *Defendants-Third-Party Plaintiffs-Counter Defendants-Appellees*.[2]
_____

Appearing for Appellant:     Nadi Ganesan Viswanathan, Spring Valley, N.Y.

Appearing for Appellee:      Kenneth J. Gormley, Locke Lord Bissell & Liddell LLP, New
                             York, N.Y.

_____

[1] The Honorable Valerie Caproni, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Dolinger, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of said District Court be and hereby are **AFFIRMED**.

Appellant Monserrate Luna appeals from judgments and orders of the United States District Court for the Southern District of New York (Dolinger, *M.J.*) in addition to a jury verdict rendered against her in her suit against American Airlines, Inc. and LSG Sky Chefs for injuries she claimed to have suffered as a result of eating an in-flight meal allegedly containing a lizard. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Though appellant challenges the district court's December 16, 2009 order denying her motion for summary judgment, her brief does not clearly advance a "legal theory proposed as a basis for reversal." *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999). Under most circumstances, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Moreover, we lack jurisdiction to review "an order denying summary judgment after a full trial on the merits," as such an order "retains its interlocutory character as simply a step along the route to final judgment." *Ortiz v. Jordan*, 562 U.S. 180, 131 S. Ct. 884, 889 (2010). Appellant does not contend, nor do we find, that this case falls into the exception to this rule "'where the district court's error was purely one of law.'" *Stampf v. Long Island R.R. Co.*, — F.3d — , 2014 WL 3732920, at *7 n.2 (2d Cir. July 30, 2014) (quoting *Schaefer v. State Ins. Fund*, 207 F.3d 139, 142 (2d Cir. 2000)).

We also reject appellant's contention that the jury verdict for defendants on her cause of action for breach of implied warranty was "clearly against the overwhelming evidence." As an initial matter, appellant waived this argument by failing to timely move for judgment as a matter of law. It is well established that, pursuant to Rule 50 of the Federal Rules of Civil Procedure, "a party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue" before the jury retires. *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998). "Notwithstanding the general rule, we may reach the waived issue if to ignore it would result in manifest injustice." *Fabri v. United Techs. Int'l, Inc.*, 387 F.3d 109, 119 (2d Cir. 2004). On appeal, however, appellant still falls short of the requirement that she "specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2); *see also Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 286 (2d Cir. 1998) ("[T]he specificity requirement is obligatory.").

Even were we to entertain her argument, we could not disturb the credibility determinations on which this case hinged. In order to succeed on her cause of action for breach of implied warranty, appellant "had the burden of proving that the food was defective and that her injury resulted from its consumption." *Valenti v. Great Atl. & Pac. Tea Co.*, 615 N.Y.S.2d 84, 85 (2d Dep't 1994). Throughout litigation, the parties have disputed the nature of what appellant discovered in her chicken dinner. In her initial verified complaint, appellant described the foreign matter as "some insects," but maintained throughout litigation that it was in fact a

2

lizard. The American Airlines flight crew, on the other hand, has consistently testified that it was a piece of chicken skin with a few feathers attached. "In assessing such a motion, the court is not allowed to weigh the credibility of witnesses or consider the weight of the evidence." *See Kirsch*, 148 F.3d at 161. Rather, we are bound by the jury's reasonable conclusion that appellant failed to establish by a preponderance of the evidence that the meal served to her was not "fit for human consumption." *Hohn v. S. Shore Serv., Inc.*, 529 N.Y.S.2d 129, 130 (2d Dep't 1988); *see also Tardella v. RJR Nabisco, Inc.*, 576 N.Y.S.2d 965 (3d Dep't 1991). Accordingly, appellant's contention that she offered "coherent, consistent and credible" testimony in support of her claim is unavailing.

Although appellant does not clearly raise the issue, we further note that the district court properly granted partial summary judgment for defendants to the extent of dismissing appellant's claim for damages premised on physical injury and economic loss. On appeal from a final judgment, we retain jurisdiction to review earlier grants of partial summary judgment, which "merge in the judgment." *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 144 (2d Cir. 2013) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 781 (2d Cir. 1999)). Appellant did not offer evidence linking her ingestion of the meal with the ailments she allegedly experienced thereafter. Nor did the record evidence permit such an inference. *See Brown v. City Sam Restaurants, Inc.*, 666 N.Y.S.2d 409, 409 (1st Dep't 1998) ("[I]t is mere speculation to attribute plaintiff's flu-like symptoms to his consumption of unwholesome or contaminated lobster at defendant's restaurant, where it is undisputed that plaintiff had eaten other foods earlier that day."); *Valenti*, 615 N.Y.S.2d at 85 ("The mere fact that the plaintiff became nauseous about one-half hour after consuming some of the contents of the can is insufficient to withstand the defendants' motion for summary judgment."). Appellant also offered no evidence corroborating the extent or existence of her monetary loss. Although "[w]e resolve all ambiguities and draw all reasonable inferences in the light most favorable to the nonmoving party," *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986). "The party who bears the burden of proof is not entitled to submit alternative possibilities to a jury for speculative choice among them when the record supplies no evidentiary basis for choice by logical inference." *Wieland v. C. A. Swanson & Sons*, 223 F.2d 26, 27 (2d Cir. 1955) (applying New Jersey law). The district court therefore properly granted summary judgment for defendants to the extent of limiting appellant's damages to those for emotional distress. *See Luna v. Am. Airlines*, 676 F. Supp. 2d 192, 209 (S.D.N.Y. 2009).

We have considered the remainder of appellant's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3