In a proceeding pursuant to Election Law article 16, inter alia, to compel the Westchester County Board of Elections to conduct a new drawing of lots to determine the ballot order of candidate names on the ballot in a primary election to be held on September 10, 2015, for the nomination of the candidate of the Democratic Party for the public office of Surrogate, County of Westchester, the petitioner appeals from a final order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated August 13, 2015, which, after a hearing, in effect, denied the petition and dismissed the proceeding.
Ordered that the final order is affirmed, without costs or disbursements.
Pursuant to 9 NYCRR 6204.3 (a), boards of elections must determine the ballot order of candidate names on ballots in primary elections by drawing lots. “Prior to the date of the drawing, the commissioners shall designate at least two persons who will conduct the drawing for all offices. Candidates or their designees may inspect the device or devices to be used for the drawings, at the date and time established by the board, and in the presence of the two commissioners or their designees” (9 NYCRR 6204.3 [b]). Election Law § 7-116 (3) requires boards of elections to hold such drawings “upon two days notice by mail given by such board or officer to each candidate for such office or position.”
Here, a drawing to determine the ballot order of candidate names on the ballot in a primary election for the nomination of the candidate of the Democratic Party for the public office of Surrogate, County of Westchester, was scheduled for August 6, 2015. The petitioner is a candidate in this primary election. An employee of the respondent Westchester County Board of Elections (hereinafter the Board) stated in an affidavit that she placed a notice of this drawing addressed to the petitioner “in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York” on August 4, 2015. At a hearing held before the Supreme Court, *655 the employee testified that she placed the notice in a mailbox outside a post office on Fisher Avenue in White Plains after 6:00 p.m., and that the post office was already closed at that time.
While we are concerned by the timing of the Board’s placement of the notice in the mailbox, we are also cognizant that the Legislature specifically provided that a drawing to determine ballot order be held upon only “two days notice by mail” (Election Law § 7-116 [3]). Under the facts of this case, we conclude that the Board complied with this notice requirement (see generally CPLR 101, 103 [b]; 2103 [¶] [1]; Ortega v Trefz, 44 AD3d 916, 917 [2007]). We may not take judicial notice of certain matters as requested by the appellant (see CPLR 4511). In any event, those matters are not dispositive of the issues before us.
Although two days notice by mail might not be sufficient to provide notice to the candidates in every case, that is a matter for the Legislature to address, and not for the courts. Thus, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding.
Leventhal, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.