■ LAMONT HARRIS et al., Respondents, v MORTON'S RESTAURANT GROUP, INC., et al., Appellants. [44 NYS3d 444]—

Order, Supreme Court, New York County (Paul Wooten, J.),

entered May 1, 2015, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants failed to establish prima facie either that the oysters that plaintiff Lamont Harris (Mr. Harris) ate at their restaurant were not contaminated or that any such contamination did not cause Mr. Harris's illness (*see Williams v White Castle Sys.*, 4 AD3d 161 [1st Dept 2004]; *see also Tardella v RJR Nabisco*, 178 AD2d 737 [3d Dept 1991] [consumer's burden of proof is same for negligence, strict products liability and breach of warranty]).

The evidence of noncontamination submitted by defendants is circumstantial, and, while relevant, it is not dispositive, as defendants admit. The evidence of causation shows that Vibrio, a bacteria typically found in undercooked seafood or seawater that may cause illness, was found in Mr. Harris's stool sample. However, contrary to defendants' assertion, it does not show that Vibrio was not pathogenic. The laboratory analysis of the Vibrio found in the stool sample did not conclude that the Vibrio was nonpathogenic; it concluded only that the Vibrio was "[u]nable to [be] speciate[d]," although its closest match was to Grimontia hollisae, a pathogenic species.

Moreover, defendants failed to demonstrate that plaintiffs' evidence did not render the possibility of another explanation for Mr. Harris's illness "sufficiently 'remote' or 'technical' to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Gayle v City of New York*, 92 NY2d 936, 937 [1998]). The presence of Vibrio in Mr. Harris's stool is a sufficient factual basis for a finding that it is more likely than not that Mr. Harris's illness was caused by his ingestion of oysters from defendants' restaurant (*see id.*).

To the extent the negligence claim is predicated on breaches of 10 NYCRR 14-1.40 and 14-1.33, it should be dismissed since those regulations are not relevant to the instant dispute.

We do not reach defendants' argument that there was no sale of goods since it is unpreserved for appellate review (*see Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1st Dept 1996], *lv denied* 88 NY2d 811 [1996]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Richter, Saxe, Gische and Gesmer, JJ.