Crosbie v KBC Food Corp. (2021 NY Slip Op 00148)





Crosbie v KBC Food Corp.


2021 NY Slip Op 00148


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-06927
 (Index No. 21763/12)

[*1]Megan E. Crosbie, appellant, 
v
KBC Food Corp., et al., defendants, Gracefully, Inc., et al., respondents (and a third-party action).


Finkelstein & Partners, LLP, Newburgh, NY (Marie DuSault of counsel), for appellant.
Baxter Smith & Shapiro, P.C., White Plains, NY (Sim R. Shapiro of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of an implied warranty, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated March 7, 2018. The order granted the motion of the defendant Gracefully, Inc., incorrectly sued herein as Gracefully, Inc., and Gracefully Fine Food, for summary judgment dismissing the complaint insofar as asserted against it and to strike the complaint insofar as asserted against it for spoliation of evidence.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Gracefully, Inc., incorrectly sued herein as Gracefully, Inc., and Gracefully Fine Food, for summary judgment dismissing the complaint insofar as asserted against it and to strike the complaint insofar as asserted against it for spoliation of evidence is denied.
The plaintiff became ill with a listeria infection approximately one month after she allegedly ate chickpea salad her father bought from a store owned by the defendant Gracefully, Inc., incorrectly sued herein as Gracefully, Inc., and Gracefully Fine Food (hereinafter Gracefully), on March 27, 2010. Gracefully had purchased five-pound containers of chickpea salad from NY Gourmet Salads, Inc. (hereinafter NY Gourmet), on March 22, 2010, and March 25, 2010. On April 2, 2010, a recall was issued for certain five-pound containers of NY Gourmet's chickpea salad after listeria was discovered in samples collected by the United States Food and Drug Administration on March 25, 2010. The recall included containers of chickpea salad sold to Gracefully.
On November 9, 2012, the plaintiff commenced this action against Gracefully and others, asserting causes of action sounding in negligence, gross negligence, breach of warranty, strict products liability, and fraud. Gracefully moved for summary judgment dismissing the complaint insofar as asserted against it and to strike the complaint insofar as asserted against it for spoliation of the plaintiff's listeria cultures and samples taken during her hospitalization. In an order dated March 7, 2018, the Supreme Court granted Gracefully's motion. The plaintiff appeals.
In general, in order to recover damages for personal injuries allegedly caused by [*2]contaminated food, the plaintiff must establish that the food served by the defendant was defective and that his or her injuries resulted from consumption of that food (see Valenti v Great Atl. & Pac. Tea Co., 207 AD2d 340, 341). "[W]hether the action is pleaded in strict products liability, breach of warranty or negligence, it is a consumer's burden to show that a defect in the product was a substantial factor in causing the injury" (Tardella v RJR Nabisco, 178 AD2d 737, 737; see Rosado v Proctor & Schwartz, 66 NY2d 21, 25; Santorelli v Apple & Eve, 282 AD2d 731, 732). A defendant seeking summary judgment in a food poisoning case must demonstrate that the food it sold was not contaminated or that any such contamination did not cause the plaintiff's illness (see Harris v Morton's Rest. Group, Inc., 146 AD3d 477, 478; Amit v Hineni Heritage Ctr., 49 AD3d 574, 575; Jaroslawicz v Prestige Caterers, 292 AD2d 232, 233).
Here, we agree with the plaintiff that Gracefully failed to establish its prima facie entitlement to judgment as a matter of law based on a lack of proximate cause. Viewing the evidence in the light most favorable to the plaintiff, with all reasonable inferences resolved in her favor (see Emigrant Bank v Drimmer, 171 AD3d 1132, 1134), Gracefully failed to demonstrate, prima facie, that the plaintiff's illness was not caused by her consumption of contaminated chickpea salad purchased from Gracefully or that any finding that its chickpea salad was the cause of the plaintiff's illness would be merely speculative (see Harris v Morton's Rest. Group, Inc., 146 AD3d at 478; Amit v Hineni Heritage Ctr., 49 AD3d at 575; Jaroslawicz v Prestige Caterers, 292 AD2d at 233; cf. Williams v White Castle Sys., 4 AD3d 161, 162). The deposition testimony relied upon by Gracefully regarding the ingredients in the plaintiff's sandwich was equivocal and merely presented issues of credibility not properly determined on a motion for summary judgment (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 175; Zhinminay v Cavus, 41 AD3d 289, 289). The medical records and remaining evidence submitted by Gracefully in support of its motion also failed to establish that Gracefully's product was not the source of the plaintiff's infection. Gracefully's expert's opinion that "[t]he source of [the plaintiff's listeria] infection is not clear," was insufficient to meet Gracefully's burden (see Jaroslawicz v Prestige Caterers, 292 AD2d at 233; O'Leary v Bravo Hylan, LLC, 8 AD3d 542, 542; cf. Ortega v Trefz, 44 AD3d 916, 917). Accordingly, the Supreme Court should have denied that branch of Gracefully's motion which was for summary judgment dismissing the complaint insofar as asserted against it based on a lack of proximate cause, without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court also should not have granted Gracefully's motion based on a lack of notice of the listeria contamination, a ground not raised by Gracefully in its motion (see Misicki v Caradonna, 12 NY3d 511, 519; Frank M. Flower & Sons, Inc. v North Oyster Bay Baymen's Assn., Inc., 150 AD3d 965, 966), and which, in any event, is not applicable to all of the causes of action asserted in the complaint (see Greco v Kresge Co., 277 NY 26, 28-29; Santorelli v Apple & Eve, L.P., 282 AD2d at 732; Hohn v South Shore Serv., 141 AD2d 504, 505).
The Supreme Court improvidently exercised its discretion in sanctioning the plaintiff for the loss of the listeria cultures and samples taken by the hospital during her admission. "Where a party did not discard crucial evidence in an effort to frustrate discovery, and cannot be presumed to be responsible for the disappearance of such evidence, spoliation sanctions are inappropriate" (Cordero v Mirecle Cab Corp., 51 AD3d 707, 709; see O'Reilly v Yavorskiy, 300 AD2d 456, 457). Here, the plaintiff, who was never in possession of the listeria cultures and samples, did not discard the cultures and samples in an effort to frustrate discovery, and cannot be held responsible for a nonparty's apparent discarding of the cultures and samples. Furthermore, the plaintiff was prejudiced along with Gracefully by the loss of the cultures and samples (see Fotiou v Goodman, 74 AD3d 1140, 1141; Cordero v Mirecle Cab Corp., 51 AD3d at 709; Payano v Milbrook Props., Ltd., 39 AD3d 518, 519-520; O'Reilly v Yavorskiy, 300 AD2d at 457). Accordingly, the court should have denied Gracefully's motion in its entirety.
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court