Goldman v Chopt Creative Salad Co., LLC (2024 NY Slip Op 00737)

Goldman v Chopt Creative Salad Co., LLC

2024 NY Slip Op 00737

Decided on February 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2024

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 22716/17 Appeal No. 1632 Case No. 2023-04714 

[*1]Allison Goldman, Plaintiff-Respondent,
v
Chopt Creative Salad Company, LLC, et al., Defendants-Appellants.

Kennedys Law LLP, New York (Michael Schneider of counsel), for appellants.
Harmon, Linder & Rogowsky, New York (Bret L. Myerson of counsel), for respondents.

Order, Supreme Court, Bronx County (Leticia M. Ramirez, J.), entered on or about April 7, 2023, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
On April 18, 2015, plaintiff ate half of a salad sandwich at a Chop't restaurant. Approximately 9 to 11 hours later, she began to feel gastrointestinal distress, and ultimately went to the emergency room. After several days of worsening symptoms, her doctors discovered that she had contracted an enteropathogenic E. coli infection (EPEC), and they diagnosed her with, among other things, hemolytic-uremic syndrome (HUS) driven by the infectious process.
Defendants failed to establish prima facie either that the spinach in the salad sandwich plaintiff ate at their restaurant was not contaminated or that any contamination did not cause plaintiff's illness (see Harris v Morton's Rest. Group, Inc., 146 AD3d 477, 478 [1st Dept 2017]). The proffered evidence of noncontamination, including the tests reflecting that the spinach supplied to Chop't was free of other pathogens, the fact that no other diners reported any illness, and the fact that no employees took extended absences in the month prior to the incident, is circumstantial and not dispositive (see id.; cf. Brown v City Sam Rests., 246 AD2d 301, 301 [1st Dept 1998]).
As to causation, plaintiff's submissions, which included deposition testimony, a laboratory test reporting the presence of EPEC in plaintiff's stool, medical records including the observations and conclusions of her treating physicians, and expert opinions from a medical doctor and a microbiologist, sufficiently raised a triable issue of fact without resorting to speculation (see Burgos v Aqueduct Realty Corp., 92 NY2d 544, 550 [1998]; Jaroslawicz v Prestige Caterers, 292 AD2d 232, 232-233 [1st Dept 2002]). Contrary to defendants' medical expert, who opined that plaintiff's symptoms indicated that she had atypical HUS not caused by infection with a foodborne pathogen, plaintiff's medical expert concurred with her treating physicians that she had typical HUS caused by her EPEC infection. "Conflicting expert affidavits raise issues of fact and credibility that cannot be resolved on a motion for summary judgment" (Bradley v Soundview Healthcenter, 4 AD3d 194, 194 [1st Dept 2004]).
Defendants' further arguments casting doubt on the strain of E. coli detected in the laboratory tests and the incubation period of EPEC are unavailing. Defendants' expert acknowledges that it was unlikely the laboratory erred, and all experts agreed
that it was not impossible for EPEC to cause symptoms as soon as four hours after ingestion.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2024