**M&A Motors v General Motors, LLC**

2025 NY Slip Op 31636(U)

April 24, 2025

County Court, Suffolk County

Docket Number: Index No. 613243/2024

Judge: Evan M. Zuckerman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

COUNTY COURT - STATE OF NEW YORK
I.A.S. TERM, PART 68 - SUFFOLK COUNTY

PRESENT:

**HON. EVAN M. ZUCKERMAN**
**Acting Judge County Court**

---

M&A MOTORS,

                  Plaintiff,

-against-

GENERAL MOTORS, LLC and JS
HUNTINGTON MOTORS, LLC d/b/a
EMPIRE CHEVROLET OF HUNTINGTON,

                  Defendants.

---

**ORIG. RETURN DATE: FEBRUARY 13, 2025**
**FINAL SUBMISSION DATE: MARCH 6, 2025**
**MTN. SEQ. #:** 001
**MOTION: MD**

**PLAINTIFF'S ATTORNEY:**
ROBERT L. ARLEO, ESQ., P.C.
1345 AVENUE OF THE AMERICAS
33RD FLOOR
NEW YORK, NEW YORK 10105
(212) 551-1115

**ATTORNEY FOR GM MOTORS:**
RICCI TYRRELL JOHNSON & GREY
1515 MARKET STREET - SUITE 1800
PHILADELPHIA, PA 19102
(215) 320-3260

**ATTORNEY FOR HUNTINGTON MOTORS**
SIMMONS JANNACE DELUCA, LLP
43 CORPORATE DRIVE
HAUPPAUGE, NY 11788
(631) 873-4888

Upon the following papers numbered 1 to __15__ read on this motion

                  FOR SUMMARY JUDGMENT                  :

Notice of Motion, supporting papers and Memorandum of Law in Support _1-4_; GM MOTORS' Affirmation in Opposition, supporting papers and Memorandum of Law in Opposition _5-7_; HUNTINGTON MOTORS' Affirmation in Opposition, supporting papers and Memorandum of Law in Opposition _8-10_; Plaintiff's Reply Affirmation and supporting papers _11-13_; HUNTINGTON MOTORS' letter dated November 15, 2024 _14_; Plaintiff's letter dated November 17, 2024 _15_ : it is,

**ORDERED** that the motion by plaintiff M&T MOTORS for an Order granting summary judgment in its favor against defendants pursuant to CPLR 3212 is hereby **DENIED.**

This is an action for damages associated with the alleged failure of: (1) defendant JS HUNTINGTON MOTORS, LLC d/b/a EMPIRE CHEVROLET OF HUNTINGTON

[* 1]

(Huntington Motors) to properly repair a 2020 GMC Sierra (hereinafter " the Sierra"); and (2) defendant GMC MOTORS, LLC ("GMC") to honor a manufacturer's warranty on the Sierra. Plaintiff interposed claims of strict products liability, negligence, breach of express warranty, and breach of the implied warranty of merchantability against GMC, and a claim of negligence against Huntington Motors.

This action was commenced by the filing of a Summons and Verified Complaint on May 30, 2024. Issue was joined by defendant Huntington Motors by service of its Verified Answer on July 12, 2024, and by defendant GMC by service of its Verified Answer on August 9, 2024.

Plaintiff alleges it bought the Sierra on January 10, 2022 from a non-party private seller for the sum of $52,000. Plaintiff claims that, at the time of the purchase, the Sierra was still covered by GMC's manufacturer's warranty. On January 14, 2022, plaintiff allegedly brought the Sierra to Huntington Chevrolet, a predecessor to Huntington Motors, for repair due to an oil leak. Over a period of months, the oil leak was allegedly repaired, but the Sierra would no longer start. Plaintiff alleges it subsequently made at least six inquiries to Huntington Chevrolet about repairing the Sierra. Plaintiff claims that in September 2023, it was informed that the Sierra was moved to Huntington Motors, where there was a diesel mechanic who could repair the Sierra. Plaintiff alleges that the repair was not done and it put GMC on notice that it wanted the manufacturer's warranty honored because the Sierra was inoperable.

Plaintiff now moves for summary judgment in its favor on the claims against Huntington Motors and GMC. Because there are triable issues of fact presented, plaintiff's motion is hereby **DENIED**.

On a motion for summary judgment, the movant has the burden to show that it is entitled to judgment as a matter of law and that there are no disputed issues of material fact (CPLR 3212; **Matter of New York City Asbestos Litig.**, 33 NY3d 20, 99 NYS3d 734 [2019]). If the movant meets its burden, then the non-movant must show that there is a material issue of fact to be resolved at trial (**Matter of Eighth Jud. Dist. Asbestos Litig.**, 33 NY3d 488, 105 NYS3d 353 [2019]). If the movant does not meet its burden, then the motion must be denied without consideration of any opposing papers (**Vega v Restani Constr. Corp.**, 18 NY3d 499, 942 NYS2d 13 [2012]). On summary judgment, the Court must view the evidence in the light most favorable to the non-moving party (*id.*). A plaintiff does not need to show the absence of comparative fault to obtain partial

summary judgment on liability (**Rodriguez v City of New York**, 31 NY3d 312, 76 NYS3d 898 [2018]).

"Under New York's modern approach to products liability, a product has a defect that renders the manufacturer [strictly] liable for the resulting injuries if it: (1) contains a manufacturing flaw; (2) is defectively designed; or (3) is not accompanied by adequate warnings for the use of the product" (**Matter of New York City Asbestos Litig.**, 27 NY3d 765, 787, 37 NYS3d 723 [2016] [quotation marks and citations omitted]; see **Samyn v Ariens Co.**, 177 AD3d 917, 114 NYS3d 445 [2d Dept 2019]). "Strict products liability for defective products applies to '[those] responsible for placing the defective product in the marketplace[,]' including 'distributors, retailers, processors of materials[,] and makers of component parts' " (**Galluscio v Atico Intl. U.S., Inc.**, 41 Misc 3d 576, 577, 971 NYS2d 190 [Sup Ct, Nassau County 2013], quoting **Brumbaugh v CEJJ, Inc.**, 152 AD2d 69, 71, 547 NYS2d 699 [3d Dept 1989]; see **Morales v City of New York**, 193 AD3d 923, 147 NYS3d 592 [2d Dept 2021]; **Miele Auto Parts, Inc. v Automotive Capital, LLC**, 109 AD3d 883, 972 NYS2d 579 [2d Dept 2013]).

"To establish a prima facie case of strict products liability predicated on [a] manufacturing defect, a plaintiff must prove that the product did not perform as intended and that the product was defective when it left the manufacturer's control" (**Wesp v Carl Zeiss, Inc.**, 11 AD3d 965, 968, 783 NYS2d 439 [4th Dept 2004]; see **Lyall v Justin Boot Co.**, 194 AD3d 1237, 148 NYS3d 519 [3d Dept 2021]; **Santorelli v Apple & Eve, L.P.**, 282 AD2d 731, 724 NYS2d 352 [2d Dept 2001]). "In order to succeed on such a claim, a plaintiff must establish that the product was not built to specifications or that the product, as constructed, deviated from such specifications or design" (**McArdle v Navistar Intl. Corp.**, 293 AD2d 931, 932, 742 NYS2d 146 [3d Dept 2002] [quotation marks and citations omitted]; see **Repka v Arctic Cat, Inc.**, 20 AD3d 916, 798 NYS2d 629 [4th Dept 2005]). A defective manufacturing claim is evaluated "without regard to whether the intended design of the manufacturer was safe or not," as the "defects [must] result from some mishap in the manufacturing process itself, improper workmanship, or because defective materials were used in construction" (**Pierre-Louis v DeLonghi Am., Inc.**, 66 AD3d 859, 861, 887 NYS2d 628 [2d Dept 2009] [quotation marks and citations omitted]).

The implied warranty of merchantability (UCC 2-314) "provides for a minimal level of quality" (**Denny v Ford Motor Co.**, 87 NY2d 248, 258 n 4, 639 NYS2d 250 [1995] [quotation

[* 3]

marks and citations omitted]; see NY PJI 2:142, Comment ["recovery may be obtained upon a showing that the product was not minimally safe for its expected purposes"]). Specifically, "[t]he implied warranty of merchantability is a guarantee by the seller that its goods are fit for the intended purpose for which they are used and that they will pass in the trade without objection" (**Wojcik v Empire Forklift, Inc.**, 14 AD3d 63, 66, 783 NYS2d 698 [3d Dept 2004] [quotation marks and citations omitted]). A claim under the implied warranty of merchantability is not identical to a products liability claim. The difference between the two claims is that a products liability claim evaluates whether a product is reasonably safe and involves a balancing of the utility of the product against its risks, while an implied warranty of merchantability claim is based on fitness for ordinary use in the contract realm without any balancing analysis (**Denny v Ford Motor Co.**, supra; **Wojcik v Empire Forklift, Inc.**, supra). "Analysis of a violation of UCC 2-314, therefore, involves fact issues, often complex, regarding the suitability of the product for its intended use and the reasonable expectations of the purchaser" (**Fahey v A.O. Smith Corp.**, 77 AD3d 612, 617, 908 NYS2d 719 [2d Dept 2010]).

To establish a cause of action for breach of an express warranty, a plaintiff must demonstrate that the defendant breached a specific representation made by that defendant regarding a product upon which the buyer relied (**Aracena v BMW of N. Am., LLC**, 159 AD3d 664, 71 NYS3d 614 [2d Dept 2018]). Pursuant to UCC 2-313 (1) (a) and (b), "any description of the goods, or affirmation of fact[,] or promise relating to the goods, which is made part of the basis of the bargain[,] creates an express warranty that the goods shall conform to such description, affirmation[,] or promise" (**Nigro v Lee**, 63 AD3d 1490, 1491, 882 NYS2d 346 [3d Dept 2009]).

Whether an action "is pleaded in strict products liability, breach of warranty[,] or negligence, it is a consumer's burden to show ' "that the defect complained of existed at the time the product left the manufacturer or entity in the line of distribution being sued"' (**Santorelli v Apple & Eve, L.P.**, supra, 282 AD2d at 732, quoting **Tardella v RJR Nabisco**, 178 AD2d 737, 737, 576 NYS2d 965 [3d Dept 1991]).

Here, plaintiff failed to satisfy its prima facie burden of entitlement to the drastic remedy of summary judgment on its claims. Among other things, triable issues of fact are presented whether: (1) the Sierra was negligently repaired; (2) the Sierra was a defective product and, if so, whether the defect existed at the time it left the factory; (3) the manufacturer's warranty was in effect at the time

of the repairs; (4) any modifications had been made to the Sierra that could void the manufacturer's warranty; and (5) plaintiff gave GMC proper notice under the warranty.[1] These are all issues that the trier of fact must determine.

Accordingly, plaintiff failed to satisfy its prima facie burden, and its motion for summary judgment is denied.

The foregoing constitutes the decision and Order of the Court.

Dated: April 24, 2025

HON. EVAN M. ZUCKERMAN
Acting Judge County Court

_____ **FINAL DISPOSITION**      __X__ **NON-FINAL DISPOSITION**

---

[1] In the interest of judicial economy, the Court considered the factual affidavits and exhibits plaintiff included with its reply in support of the motion, as well as the letters dated November 15, 2024 and November 17, 2024.